# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYTECHIP, LLC d/b/a Qbit, | CASE NO. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| SOLID FINANCIAL TECHNOLOGIES, INC.; EVOLVE BANK & TRUST; and DOES 1 through 10, | [Removed from San Mateo Superior Court, Case No. 24-CIV-00307] |
| Defendants. | **[28 U.S.C. §§ 1331, 1441, 1442 and 1446]** |
| | Jury Trial Demanded |

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR

2   ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE that Defendants Solid Financial Technologies, Inc. ("Solid")

4   and Evolve Bank & Trust ("Evolve") (collectively, "Removing Defendants"), hereby remove this

5   action from the Superior Court of California, County of San Mateo, to the United States District

6   Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441, 1442 and 1446.

7   As grounds for removal, Removing Defendants state as follows:

8

9   **I.      STATEMENT OF THE CASE**

10          1.      On January 22, 2024, Plaintiff Bytechip, LLC ("Bytechip") commenced this action

11  by filing a complaint in the Superior Court of San Mateo County, California, Case Number

12  24CIV00307 (the "Complaint").   The Complaint alleges that Evolve froze or instructed to freeze

13  the funds in virtual account no. 9540********1162 in the name of Bytechip, beneficial owner

14  Yujun Wu, that Bytechip created with Removing Defendants ("the Bytechip Account").

15  (Complaint at ¶ 31, attached hereto as Exhibit A ("Comp.").)   As alleged in the Complaint,

16  Evolve's reason for doing so was "an ongoing fraud investigation with the federal government[.]"

17  (*Id.*)   The Complaint asserts causes of action for breach of contract, conversion, and violation of

18  California Business & Professions Code Section 17200 et seq., based upon funds in the Bytechip

19  Account.   (Compl. ¶¶ 39-57.)   Bytechip seeks an award of compensatory damages in an amount

20  in excess of $4,336,961.74, for attorneys' fees and costs, restitution, and disgorgement of profits.

21          2.      The United States Secret Service seized the funds in the Bytechip Account on

22  November 6, 2023, pursuant to a Warrant to Seize Property Subject to Forfeiture ("Seizure

23  Warrant") from the United States District Court for the Western District of Tennessee, finding

24  probable cause of wire fraud and money laundering in violation of federal statutes.   (Request for

Judicial Notice, Exhibit 1 ("RJN").)[1]   On January 22, 2024, the United States filed a complaint for forfeiture in rem against all funds deposited, credited, or held up to $2,979,690.04 in the Bytechip Account (the "W.D. Tennessee Action").   (RJN, Exhibit 2).   In the W.D. Tennessee Action, the United States alleges that the Bytechip Account "contain[s] the proceeds of wire fraud, in violation of 18 U.S.C. § 1349, and/or conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and/or concealment money laundering, in violation of 18 [U.S.C.] § 1956(a)(1)(B)(i), and that all the property in the[] account[] was involved in money laundering transactions[.]"[2]   (*Id.*)   On February 12, 2024, the court in the W.D. Tennessee Action ordered the funds within the Bytechip account be seized and held in response to the United States' complaint for forfeiture under 18 U.S.C. § 981(a)(1)(A) and (C).   (RJN, Exhibit 3).   Per this February 12, 2024, order, "any parties claiming an interest in the said property must file a claim within sixty (60) days of the first date of publication and an answer to the [forfeiture] complaint within twenty (20) days thereafter. (*Id.*)

## II.    GROUNDS FOR FEDERAL QUESTION REMOVAL

3.    This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).   Whether a case "arises under" federal law for jurisdiction purposes is tested by the well-pleaded complaint rule, which requires that a federal question be presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

---

[1] At least one district court has found it appropriate to consider judicially noticed documents in connection with federal question removal.   *See Copeland-Turner v. Wells Fargo Bank, N.A.*, No. CV-11-37-HZ, 2011 WL 996706, at *6 (D. Or. Mar. 17, 2011) ("I found no Ninth Circuit cases expressly discussing whether a court may take judicial notice of documents in analyzing a motion to remand where the issue is whether the complaint presents a federal question.   However, analogous issues within the context of removal jurisdiction and motions to remand, and within the context of motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), persuade me that judicially noticing the documents submitted by Wells Fargo is appropriate.").

[2] The W.D. Tennessee Action also involves funds deposited, credited, or held up to $2,029,765.39 in Solidfi vAccount #9540********56272 in the name of Gatcha Pictures LLC, beneficial owner Xuan Du, which is unrelated to this action.

Bytechip's Complaint expressly references the fraud investigation by the federal government. (Compl. ¶ 31.) ("Evolve froze or instructed to freeze the funds in the [Bytechip Account], citing an ongoing **fraud investigation with the federal government** into a high volume of transactions related to certain accounts, including the [Bytechip Account].") (emphasis added).

4.     Alternatively, an independent corollary of the well-pleaded complaint rule is that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 22 (1983).   Any state law claim based on a "completely preempted" law is considered a federal claim from its inception and warrants removal of the complaint to federal court.   *See Botsford v. Blue Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390, 393 (9th Cir. 2002) ("If federal law completely preempts a plaintiff's state-law claim, that plaintiff may not escape federal jurisdiction no matter how careful his or her pleading.").   The preemptive force of the charged federal statutes is so strong as to transform Bytechip's Complaint into one stating a federal claim.

5.     "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."   *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quotation marks omitted); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–15 (2005).   "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."   *Gunn*, 568 U.S. at 258 (citation omitted).   Here, all four requirements are met.

6.     *First*, Bytechip's state law claims necessarily raise a federal issue because "the right to relief depends upon the construction or application of federal law." *Grable*, 545 U.S. at

313 (citations omitted).   Bytechip's requested relief – "immediate possession of the entire balance of $4,336,961.74 in the 1162 account of which Bytechip is the Accountholder" (Compl. ¶ 48) – depends upon the application of federal law in the W.D. Tennessee Action.   By asserting that its funds were wrongfully withheld, Bytechip implies that the federal government acted without authority to seize its funds and/or that Removing Defendants acted improperly by complying with the Seizure Warrant.   Bytechip's claim to its alleged property depends on the application of the charged federal statutes in the pending complaint for forfeiture, as discussed above.

7.     *Second*, this federal issue is "actually disputed" because the parties disagree as to whether Bytechip is entitled to the funds in the Bytechip Account and whether Removing Defendants violated any contractual or other rights by complying with the Seizure Warrant. Simply put, Bytechip claims it has the "right to immediate possession of the entire balance of the $4,336,961.74 in the 1162 account." (Compl. ¶ 48.)   Removing Defendants – and the federal government – disagree.

8.     *Third*, the federal issue presented by Bytechip's complaint is "substantial."   A federal issue will always be substantial to the parties "in the sense that the issue could decide the outcome of the litigation" when "the state claim 'necessarily raise[s]' a disputed federal issue[.]" *Gunn v. Minton*, 568 U.S. 251, 260 (2013).   The federal government holds a strong interest in halting illegal activities and is expressly authorized to initiate a complaint for forfeiture in rem pursuant to 18 U.S.C. § 981 in furtherance of this interest.   Likewise, the federal government holds a strong interest in preventing wire fraud, conspiracy to commit wire fraud, and money laundering as seen by 18 U.S.C. §§ 1343, 1349, and 1956, as well as in ensuring compliance by banks and financial technology companies with duly-issued seizure warrants.

9.     *Fourth*, the federal issue here is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress."   *Gunn v. Minton*, 568 U.S. 251, 258

(2013). Instances where a plaintiff is seeking to recover funds from a private party in a bank account that has been seized by the federal government are rare such that removal will not disrupt the federal-state division of labor.

## III. GROUNDS FOR FEDERAL OFFICER REMOVAL

10. The federal officer removal statute permits any federal officer or "any person acting under that officer" who is sued "for or relating to any act under color of such office" to remove the case to federal court. 28 U.S.C. § 1442(a)(1).

11. The Supreme Court has instructed that the federal officer removal statute is to be "liberally construed," *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007), and it has "rejected a 'narrow, grudging interpretation' of the statute." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (quoting *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969)). Rather, there "is a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, [courts] are to interpret section 1442 broadly in favor of removal." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

12. The federal officer removal statute creates an exception to the "well-pleaded complaint" rule. *Durham*, 445 F.3d at 1253.

13. In the Ninth Circuit, removal under the federal officer removal statute is proper when a removing party shows that "(1) it is a 'person' within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the actions [defendant] took pursuant to a federal officer's direction, and (3) it has a 'colorable' federal defense to plaintiffs' claims." *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014).

14. *First*, Removing Defendants are "persons" who acted under the direction of a federal officer. Removing Defendants are corporations. They are therefore "persons" under the federal officer removal statute because the "person" contemplated by the that statute includes

corporations.  *See Goncalves by and through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017); *see also Grider Drug, LLC v. Express Scripts, Inc.;* No. 1:09-cv-00095-R) 2009 U.S.Dist.LEXIS 107515, at *5 (W.D. Ky. Nov. 17, 2009) ("[F]or the purposes of federal officer removal statute, the Court finds that E[xpress Scripts, Inc.] is a 'person.'").

15.    The "acting under" requirement contemplates a relationship in which the government exerts some "subjection, guidance, or control" over a private entity beyond mere compliance with the law.  *Watson*, 551 U.S. at 151 (citation omitted).  The central question is whether the private entity is helping a federal officer "fulfill other basic governmental tasks" that "in the absence of a contract with a private firm, the Government itself would have had to perform."  *Id.* at 153–54.  Courts broadly construe Section 1442, particularly regarding private parties who claim to be "acting under" a federal officer.  *Watson*, 551 U.S. at 147.  In acting in cooperation with the investigation into the Bytechip Account, Evolve, and by extension Solid, helped fulfil the government's tasks of monitoring and enforcing money laundering and wire fraud statutes.

16.    *Second*, a causal nexus exists between Bytechip's claims and the actions taken pursuant to a federal officer's direction.  Under the federal officer removal statute, a removing defendant must show that the charged conduct was "for *or relating to* any act under color" of the federal office. 28 U.S.C. § 1442(a)(1) (emphasis added).   A removing defendant need show only that the acts for which it is being sued occurred *either* because of *or* in connection or association with what it was asked to do by the Government.  *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992).  Bytechip's breach of contract claim is based upon Solid's "failing to enable" Bytechip to make electronic payments and fund transfers since January 20, 2023.  (Compl. ¶¶ 42, 43.)  The claim of conversion is based on Removing Defendants' restricting Bytechip's access to the Bytechip Account, all the while acknowledging that the funds were frozen based on an

ongoing fraud investigation with the federal government.   (Compl. ¶¶ 31, 49, 50.)   Alleged violation of the Section 17200 of the California Business and Professions Code is premised on Removing Defendants' preventing Bytechip from accessing the Bytechip Account.   (Compl. ¶¶ 55.)   Evolve, and by extension Solid, froze and restricted access of the Bytechip Account in compliance with the Seizure Warrant.   So, there is a direct link between Bytechip's claims and the actions taken in compliance with a federal investigation.

17.   *Third*, Removing Defendants have a colorable federal defense.   For federal officer removal, a federal defense need only be colorable.   *Jefferson County*, 527 U.S. at 43. "Colorable" is a low bar; a defense is colorable if it plausible—as a defendant "need not win his case before he can have it removed."   *Leite*, 749 F.3d at 1124 (quoting *Willingham*, 395 U.S. at 407).   Involvement in a federal investigation has been found sufficient to show a colorable federal defense.   *See Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994) (finding requisite colorable federal defense where defendant was "participating in a federal investigation and acted under the instruction of federal agents").   Removing Defendants lawfully complied with the Seizure Warrant.

## IV.   PROCEDURAL REQUIREMENTS FOR REMOVAL

18.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).   Removal notices must be filed within 30 days of the date upon which the removing defendant was served with process. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).   Bytechip filed its Complaint on January 22, 2024.   Bytechip served Defendant Solid on January 30, 2024.   Bytechip served Defendant Evolve on January 30, 2024. This Notice of Removal, filed on February 29, 2024, is filed within 30 days of January 30, 2024, and is therefore timely under 28 U.S.C. § 1446(b)(1).

19.     This action is properly being removed to this Court because the Superior Court of the County of San Mateo is located within the Northern District of California. *See* 28 U.S.C. § 1441(a).

20.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders on file with the state court or provided to Removing Defendants are attached hereto as Exhibit A.

21.     Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this Notice of Removal attached thereto, is being served upon counsel for Bytechip and is being filed with the Clerk of the Superior Court of San Mateo County, California, Case Number 24CIV00307.

22.     Pursuant to 28 U.S.C. § 1446(b)(1)(2)(A), both Solid and Evolve consent to the removal of this action.

23.     Defendant Does 1 through 10 are also named in the state court action. These unknown defendants are not required to join in the Notice of Removal. *See, e.g.*, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

24.     No previous application has been made for the relief requested herein.

25.     This notice has been signed pursuant to Federal Rule of Civil Procedure 11.

26.     Removing Defendants reserve the right to amend or supplement this Notice of Removal.  If any question arises as to the propriety of the removal of this action, Removing Defendants request the opportunity to present further briefing, evidence and/or oral argument in support of removal.

**V.      <u>CONCLUSION</u>**

Removing Defendants respectfully remove this action from the Superior Court of San Mateo County, California, bearing Case Number 24CIV00307, to this Court.  By this notice, Removing Defendants do not waive any objections as to service, jurisdiction, or venue, or any

NOTICE OF REMOVAL TO FEDERAL COURT

other defenses or objection to this action.   Removing Defendants intend no admission of fact, law or liability by this notice, and reserve all defenses, motions and pleas.   Removing Defendants pray that this action be removed to this Court for determination; that all further proceedings in the state court be stayed; and that Removing Defendants obtain all additional relief to which they are entitled.

Respectfully submitted,

DATED:   February 29, 2024          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By  /s/ *James D. Judah*
                                         James D. Judah
                                         Attorneys for Defendant Solid Financial
                                         Technologies, Inc.

DATED:   February 29, 2024          TALG, LTD.


                                     By  /s/ *Ismail Amin*
                                         Ismail Amin, Esq.
                                         Attorneys for Defendant Evolve Bank & Trust

86180336.v2

1

2

**ATTESTATION**

3

      I, James D. Judah, Esq., am the ECF User whose identification and password are being

4

used to file the **NOTICE OF REMOVAL TO FEDERAL COURT**.   In compliance with Civil

5

Local Rule 5-1(i)(3), I hereby attest that Ismail Amin, Esq. has concurred in this filing.

6

7

DATED: February 29, 2024                                      **QUINN EMANUEL EURQUHART &**

8
                                                              **SULLIVAN, LLP**

9

10
                                                              By: /s/ James D. Judah
11
                                                              James D. Judah, Esq.
12
                                                              ***Attorneys for Defendant***
                                                              **Solid Financial Technologies, Inc.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28