**TALG, LTD.**
Ismail Amin, Esq. (SBN 231232)
Katherine J. Vescera, Esq. (SBN 287171)
Christopher Stark, Esq. (SBN 306898)
2211 Michelson Drive, Suite 1170
Irvine, California 92612
Telephone: (949) 502-7715
Facsimile: (949) 266-8406

Attorneys for Defendant EVOLVE BANK & TRUST

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

BYTECHIP, LLC d/b/a QBIT, a Delaware limited liability company,

Plaintiff,

vs.

SOLID FINANCIAL TECHNOLOGIES, INC., a Delaware corporation; EVOLVE BANK & TRUST, an Arkansas corporation; and DOES 1-10, inclusive,

Defendants.

**Case No. 24-cv-01226-LB**

**DEFENDANT EVOLVE BANK AND TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

*[Filed concurrently with: (1) Request for Judicial Notice and (2) Declaration of Margaret Gibson Everett]*

Date: July 18, 2024
Time: 10:00 a.m.
Courtroom: 11—19th Floor
Judge: Hon. James Donato

- i -

DEFENDANT EVOLVE BANK & TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE that on July 18, 2024, at 10:00 a.m. in Courtroom 11, 19th Floor** of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant EVOLVE BANK & TRUST ("Evolve") through its counsel of record herein, TALG, Ltd., will and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint filed by Plaintiff BYTECHIP, LLC d/b/a QBIT ("Plaintiff"), filed on or about January 22, 2024.

This Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, Request for Judicial Notice, any Reply memorandum, evidence and argument of counsel submitted at the hearing, and such other matters as the Court may consider.

DATED: this 5th day of June, 2024

By: *__/s/ Ismail Amin__________________*
Ismail Amin, Esq.
Katherine J. Vescera, Esq.
Christopher Stark, Esq.
**TALG, LTD.**
***Attorneys for Defendant Evolve Bank & Trust***

- ii -

DEFENDANT EVOLVE BANK & TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

TALG, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. Bank and Card Services Agreement ..... 2

B. Bytechip's Funds are Seized by The United States ..... 3

1. The Warrant to Seize Property Subject to Forfeiture ..... 3

2. The Complaint for Forfeiture *In Rem* Against the Bytechip Account ..... 4

3. Ordered Forfeiture of The Bytechip Account ..... 4

III. LEGAL AUTHORITY ..... 5

IV. PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION FAILS ..... 5

A. The Economic Loss Rule Prevents Plaintiff from Asserting a Cause of Action For Conversion ..... 5

1. The Economic Loss Rule Prevents a Party from Recovering in Tort for Breach of Contract Claims ..... 6

2. Plaintiff's Conversion Claim is a Restatement of its Breach of Contract Claim ..... 6

B. Plaintiff's Claim for Conversion Must Fail as Plaintiff Cannot Plead Colorable Facts Demonstrating that Plaintiff Holds an Ownership Interest in the Funds or that Evolve Substantially Interfered with Possession Thereof ..... 7

V. PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF THE UCL FAILS ..... 9

A. Plaintiff's Claim Cannot be Predicated Upon Vicarious Liability ..... 10

B. Plaintiff Holds an Adequate Remedy at Law ..... 10

C. Plaintiff Lacks Standing Under the UCL to Pursue a Claim Against Evolve ..... 11

D. Plaintiff Has Not Alleged an Unlawful Practice ..... 12

E. Plaintiff Has Not Alleged an Unfair Practice ..... 13

F. Plaintiff Has Not Alleged a Fraudulent Practice ..... 14

VI. CONCLUSION ..... 15

**TABLE OF AUTHORITIES**

*Aas v. Superior Court,* 24 Cal. 4th 627, 643 (2002) ........ 6

*Ashcroft v. Iqbai,* 556 U.S. 662, 678 (2009) ........ 5

*Balijsteri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ........ 5

*Bardin v. DaimlerChyrsler Corp.,* 136 Cal. App. 4th 1255, 1268 (2006) ........ 13

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ........ 5

*Buller v. Sutter Health,* 160 Cal. App. 4th 981, 986 (2008) ........ 9

*Butler-Rupp v. Lourdeaux,* 134 Cal. App. 4th 1220, 1229 (2005) ........ 6

*Charpentier v. Los Angeles Rams Football Club Co., Inc.* 75 Cal. App. 4th 301, 312 (1999) ........ 15

*Davis v. Ford Motor Credit Co.,* 179 Cal. App. 4th 581, 593-87 (2009) ........ 13, 14

*Duvall t. Galt Med. Corp.,* No. c-07-03714 JCS, U.S. Dist. LEXIS 89587 at *27 (N.D. Cal. No. 27, 2007) ........ 5

*Elrich v. Menezes,* 21 Cal. 4th 543, 552 (1999) ........ 4

*Emery v. Visa International Service Ass'n,* 95 Cal. App. 4th 952, 960 (2002) ........ 10

*Finton Construction, Inc. v. Binda & Keys, APLC,* 238 Cal. App. 4th 200, 2013 (2015) ........ 8

*Firoozye v. Earthlink Network,* 153 F. Supp. 2d 1115, 1130 (N.D. Cal 2001) ........ 8

*Graham v. Bank of America, N.A.,* 226 Cal. App. 4th 594, 613 (2014) ........ 14

*Gregory v. Albertson's, Inc.* 104 Cal. App. 4th 845, 857 (2002) ........ 9

*Guzman v. Polaris Indus., Inc.* 49 F.4th 1308, 1314 (9th Cir. 2022) ........ 11

*Hodges v. Apple, Inc.,* No. 13-cv-01128-WHO, 2013 U.S. Dist. LEXIS 114374, at *17 (N.D. Cal. Aug. 12, 2013) ........ 13

*JMP Sec. LLP v. Altair Nanotechnologies, Inc.,* 880 F. Supp. 2d 1029, 1042 (N.D. Cal 2012) ........ 6

*Kearns v. Ford Motor Co.,* 567 F. 3d. 1120, 1127 (9th Cir. 2009) ........ 15

*Khoury v. Maly's of Cal. Inc.,* 14 Cal. App. 4th 612, 619 ........ 9

*Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 322 (2011) ........ 11

*Lee v. Hanley,* 61 Cal. 4th 1225, 1240 (2015) ........ 7

*McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988) ........ 5

TALG, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

*Mindy's Cosmetics, Inc. v. Dakar,* 611 F.3d.590, 601 (9th Cir. 2010) .......... 7
*Oracle USA, Inc. v. XL Global Servs,* No. C 09-00537 MHP, 2009 U.S. Dist. Lexis 59999, at *13 (N.D. Cal. July 13, 2009) .......... 6
*People v. Toomey,* 157 Cal. App. 3d at 15 .......... 10
*People ex rel. Dep't of Motor Vehicles v. Cars 4 Causes,* 139 Cal. App. 4th 1006, 1016 (2006) .......... 12
*Pfizer v. Superior Court,* 182 Cal. App. 4th 622, 632-633 (2010) .......... 14
*Prof'l Tax Appeal v. Kennedy Wilson Holdings, Inc.* 29 Cal. App. 5th 230, 239 (2018) .......... 9
*Rhynes v. Stryker Corp.,* No. 10-5619 SC, 20211 WL 2149095, at *4 (N.D. Cal. May 31, 2011) .......... 11
*Robin v. Google LLC,* No. 22-cv-045447-BLF, 2023 WL 4053804, at *13 (N.D. Cal. June 15, 2023) .......... 11
*Rodriguez v. FCA US LLC,* No. 8:22-cv-01445, 2023 U.S. Dist. LEXIS 48041, at *6-8 (C.D. Cal. Marc. 21, 2023) .......... 10
*Schertz v. Ford Motor Co.,* No. CV-20-03221-TJH-PVCS, 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020) .......... 11
*Skillicorn v. CitiMortgage,* No. 5:14-cv-03470 DJF, 2015 U.S. Dist. LEXIS, at *5 (N.D Cal. Jan 12, 2015). .......... 12
*Smith v. LG Elecs. U.S.A., Inc.,* No. 13-CV-04361 PJH, 2014 U.S. Dist. LEXIS 315777, at *28-29 (N.D. Cal. Mar. 11, 2014) .......... 13, 14
*Smith v. State Farm Mutual Auto Ins. Co.,* 93 Cal. App. 4th 700, 717-718 (2001) .......... 12
*Snapkeys, Ltd. v. Google LLC,* 539 F. Supp. 3d 1040, 1055 (N.D. Cal 2021) .......... 8
*Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 841-44 (9th Cir. 2020) .......... 11
*Spates v. Dameon Hosp. Ass'n,* 114 Cal. App. 4th 208, 222 (2003) .......... 8
*Suarez v. Bank of Am.,* 2018 WL 2431493, at (N.D. Cal. May 30, 2018) .......... 12
*Williamson v. McAffee, Inc.,* No. 5:14-CV-00158-EDJ, 2014 U.S. Dist. LEXIS 117565, at *19 (N.D. Cal. Aug. 22, 2014) .......... 13, 14
*Wilson v. Hynek,* 207 Cal. App. 4th 999, 1008 (2012) .......... 13

**TALG, Ltd.**
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**Rules and Procedures**

*Cal. Bus. & Prof. Code §17200* .......... 9

*Cal. Bus. & Prof. Code §17204* .......... 11

TALG, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff BYTECHIP, LLC d/b/a QBIT ("Plaintiff") boldly brings this action in an attempt to recover funds from Defendant EVOLVE BANK & TRUST that have been seized by the United States Secret Service. On September 12, 2022, Plaintiff entered into a Bank and Card Services Fee Schedule with Defendant SOLID FINANCIAL TECHNOLOGIES, INC. ("Solid"). *Complaint ("Compl.")*, ¶ 11. Pursuant to the Bank and Card Services Fee Schedule, Evolve created virtual account no. 9540********1162 in the name of Plaintiff, beneficial owner Yujun Wu (the "Bytechip Account"). *Compl.*, ¶ 31. On November 6, 2023, the United States Secret Service seized the funds in the Bytechip Account pursuant to a Warrant to Seize Property Subject to Forfeiture ("Seizure Warrant"). *Request for Judicial Notice ("RJN")*, Exhibit 1. Shortly thereafter, an action for forfeiture was filed by the United States of America in the United States District Court for the Western District of Tennessee (the "Forfeiture Action"). *RJN*, Exhibit 2. As alleged in the verified complaint in the Forfeiture Action, the Bytechip Account was "used to provide money laundering infrastructure to a large wire fraud scheme perpetrated against numerous individuals." *Id.* at ¶ 38. It is these funds, that have been seized by the United States Secret Service due to alleged money laundering and wire fraud, that Plaintiff seeks to collect from Evolve.

Despite the fact that Evolve does not possess the funds in the Bytechip Account, Plaintiff has elected to assert claims against Evolve for Conversion and Violation of *California Business & Professions Code* Section 17200 et seq. ("UCL"). However, as will be shown below, Plaintiff cannot demonstrate that Evolve interfered with the funds in the Bytechip Account or provide any colorable allegation that it holds a possessory interest in the Bytechip Account funds. Furthermore, the economic loss doctrine bars Plaintiff's recovery in tort as Plaintiff has not alleged a breach of a duty

independent from a breach of contract. Additionally, Plaintiff cannot sufficiently allege a viable UCL claim as it cannot allege any unlawful, fraudulent, or unfair practices. If Plaintiff believes that it is entitled to the funds in the Bytechip Account, it should pursue its claims in the Forfeiture Action, not against the bank who merely complied with the Seizure Warrant. .

## II. FACTUAL BACKGROUND

### A. Bank and Card Services Agreement.

On September 12, 2022, Plaintiff entered into a Bank and Card Services Agreement with Solid and an Addendum outlining the Banking and Card Services that would be provided under the Bank and Card Services Agreement (Bank and Card Services Agreement and Addendum collectively, the "Agreement"). *See Compl.,* ¶ 10. Under this Agreement, Solid, through a bank like Evolve, was to "provide the Banking Services … and Card Services … to Client Customers who become Accountholders." *Compl.* ¶ 11. The Bank and Card Services Agreement required Solid, with a partner bank such as Evolve to:

> enable each Accountholder to (a) create and maintain an account in the Accountholder's name represented by a virtual bank account number that enables that Accountholder to store, spend, and manage money (this account, a "Financial Account); and (b) make electronic payments and funds transfers to and from the Accountholder's Financial Account (the services described in this sentence, the "Banking Services"). SPC will act as the agent for the Accountholder with respect to the Financial Account. *Compl.*, Exhibit 2 at § 3.1.

Following execution of the Agreement, the Bytechip Account was created. *Compl.*, ¶ 17. Under the Bank and Card Services Agreement, Solid was entitled to:

> [I]mmediately suspend the provision of all or any part of the Banking Services (a) if Solid reasonably believes that Client presents an unacceptable and material level of financial, reputational, legal, regulatory or security risk to Solid or any applicable Bank; (b) if continues access to or use of all or any part of the Card Services or Banking Services poses a material threat to

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

> Solid's systems (e.g., DDOS attack); (c) if Solid suspends the Card Services in accordance with the terms herein; or (d) if a Bank or Network directs Solid to do so. *Compl.,* Exhibit 2 at § 13.2.

Under the terms of the Addendum to the Bank and Card Services Agreement, Solid was further entitled to terminate the agreement "immediately upon notice to Client if (a) directed by a Network or Bank; or (b) Client fails to pay any amounts due to Solid timely and does not cure that failure within ten business bays after receiving notice of the failure from Solid." *Compl.,* Exhibit 2 at §13.3.

**B. Bytechip's Funds are Seized by The United States.**

Less than half a year after the Bytechip Account was opened, "Solid advised Bytechip via email that Solid was terminating the Solid Fee Schedule as of January 19, 2023, that the accounts would be closed on February 17, 2023, and that '[f]unds left in accounts past [February 17, 2023] [would] be returned to the approved KYC account holder's address via physical check.'" *Compl.* ¶ 25. Per the Complaint, "Evolve froze or instructed to freeze the funds in the 1162 account, citing an ongoing fraud investigation with the federal government into a high volume of transactions related to certain accounts, including the 1162 account." *Compl.* ¶ 31. As Plaintiff is aware, this is not the entire story of the funds in the Bytechip Account.

**1. The Warrant to Seize Property Subject to Forfeiture.**

On November 6, 2023, a warrant was issued to seize property subject to forfeiture in the United States District Court for the Western District of Tennessee. *RJN,* Exhibit 1. The Seizure Warrant commanded law enforcement to "execute this warrant and seize the property" in the Bytechip Account on or before November 20, 2023. Per the verified Seizure Warrant, "[t]here is probable cause that the assets [in the Bytechip Account] constitute or are derived from the proceeds of wire fraud in violation of 18 U.S.C. §§ 1343, 1349 and/or property involved in money laundering, in violation of 18 U.S.C. 1956 and 1957, and are therefore subject to civil and criminal forfeiture

pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 18 U.S.C. § 982, 18 U.S.C. § 984, and 28 U.S.C. § 2461(c); and seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. 853(f)." *Id.*

**2. The Complaint for Forfeiture *In Rem* Against the Bytechip Account.**

On January 22, 2024, the United States filed a Complaint for Forfeiture *In Rem* against the Bytechip Account in the United States District Court for the Western District of Tennessee (the Forfeiture Complaint"). *RJN,* Exhibit 2. The Forfeiture Complaint "seeks the forfeiture of all right, title, and interest in the above-captioned property because the property constitutes or is derived from proceeds of wire fraud and wire fraud conspiracy in violation of 18 U.S.C. §§ 1343 and 1349, and property involved in monetary transactions, money laundering, and conspiracy to commit same, in violation of 18 U.S.C. §§ 1956." *RJN,* Exhibit 2 at ¶ 2. The Forfeiture Complaint arose after a sudden increase in wire recalls "cited for fraud and scam, including 'invested in crypto scam, company does not exist,' 'victim of fake medical scam,' and 'remitter advised payment is fraudulent.'" *RJN,* Exhibit 2 at ¶ 12. The beneficial owner of the Bytechip Account appears to be part of a group of individuals "conspiring together to orchestrate fraud scams which are targeting businesses and consumers residing tin the United States and Canada." *Id.* Per the Forfeiture Complaint, "[t]hrough bank documentation, tax documents, open-source research and direct communication with victims and bank investors, [the United States] demonstrated that wire fraud proceeds from pig butchering victims are frozen in… Bytechip Solidfi vAccount **1162, and that th[is] account[] [is] used to launder the proceeds of wire fraud." *Id.* at ¶ 38.

**3. Ordered Forfeiture of The Bytechip Account**

On February 12, 2024, an order was entered in the Forfeiture Action providing that "the United States Secret Service for this district will seize the defendant property and hold said property subject to further orders of this Court[,]" *RJN,* Exhibit 3. Plaintiff has filed a Verified Claim in the

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 4 -

DEFENDANT EVOLVE BANK & TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

Forfeiture Action asserting "that it has filed suit in California against Solid Technologies and Evolve Bank & Trust. In the California suit, Claimant denies knowledge of the alleged 'unsatisfactory banking practices' **and seeks recovery of $4,336,691.74, consisting of the 1162 funds and partial 6272 funds at issue here.**" *RJN,* Exhibit 4. As admitted by Plaintiff in the Forfeiture Action, the funds it seeks to collect in this action are the same that have been seized.

## III. LEGAL AUTHORITY

Under Rule 12(b)(6), dismissal for failure to state a claim is appropriate where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balijsteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). While courts must accept all well-pleaded facts, "conclusory allegations without more are insufficient to defeat a motion to dismiss[.]" *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). This requires plaintiffs to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a complaint pleads facts that are "merely consistent with" liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Accordingly, if Plaintiff's allegations do not bring its "claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## IV. PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION FAILS

### A. The Economic Loss Rule Prevents Plaintiff from Asserting a Cause of Action for Conversion

Bytechip's first claim for Conversion fails as a matter of law as it sounds in tort and is duplicative of its claim for breach of contract. *Duvall v. Galt Med. Corp.*, No. c-07-03714 JCS, U.S. Dist. LEXIS 89587, at *27 (N.D. Cal. No. 27, 2007) (conversion is a tort).

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**1. The Economic Loss Rule Prevents a Party from Recovering in Tort for Breach of Contract Claims**

The economic loss rule generally bars tort claims for contract breaches in favor of limiting contracting parties to contract damages. *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2002) (superseded in other part by statute); *see also JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) ("The economic loss rule states that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement."). Exceptions to this rule are narrow and only apply where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Elrich v. Menezes*, 21 Cal. 4th 543, 552 (1999); *see also Oracle USA, Inc. v. XL Global Servs*, No. C 09-00537 MHP, 2009 U.S. Dist. LEXIS 59999, at *13 (N.D. Cal. July 13, 2009) ("Exceptions have been permitted only where: a breach of duty causes a physical injury; the covenant of good faith and fair dealing is breached in an insurance contract; an employee was wrongfully discharged in violation of a fundamental public policy; or a contract was fraudulently induced.") Accordingly, where a plaintiff's "damages derive solely from [a defendant's] failure to perform their contract obligations, [the plaintiff] can only recover in contract for the economic losses due to her disappointed contractual expectations." *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1229 (2005).

**2. Plaintiff's Conversion Claim is a Restatement of its Breach of Contract Claim**

In the instant case, Plaintiff's claim for Conversion is nothing more than a breach of contract claim in disguise. Indicative of this similarity, Plaintiff's claim for Breach of Contract is predicated upon the assertion that "Solid breached its contractual obligations under the Solid Contract by failing to enable Bytechip as an Accountholder to transfer Bytechip's Financial Account to any ACH-

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

enabled account at any other financial institution since January 20, 2023." *Compl.* ¶ 43. Similarly, to support its claim for Conversion, Plaintiff alleges that Evolve's wrongful act was its purported election to "withhold access of the entire balance of" the Bytechip Account as "Bytechip did not consent to being prevented from having access to the funds within the 1162 account." *Compl.* ¶¶ 49-50. Assuming arguendo that Solid and Evolve intentionally elected to prevent Plaintiff's access to the funds in its account, Plaintiff still would not have shown a violation of a duty independent from a breach of the Agreement. Simply put, Plaintiff has not alleged that it suffered damages outside of and independent from its claimed economic loss. Instead, Plaintiff has merely alleged a breach of Section 3.4 of the Bank and Card Services Agreement which provides "Accountholders and their Authorized Clients will be able to:…(b) transfer funds from their Financial Accounts to any ACH-enabled account at any other financial institution." *Compl*., Exhibit 2. By including a cause of action sounding in tort for this contractual dispute, Plaintiff seeks to improperly transmute its claim for Breach of Contract into a tort claim. Consequently, the economic loss rule bars Plaintiff's second claim for Conversion.

### B. Plaintiff's Claim for Conversion Must Fail as Plaintiff Cannot Plead Colorable Facts Demonstrating that Plaintiff Holds an Ownership Interest in the Funds or that Evolve Substantially Interfered with Possession Thereof.

Conversion is the wrongful exercise of dominion over the property of another. *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). "The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Mindy's Cosmetics, Inc. v. Dakar*, 611 F. 3d 590, 601 (9th Cir. 2010).

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

As to the first element, "merely alleging ownership of [the allegedly converted property] is insufficient to establish conversion." *Finton Construction, Inc. v. Binda & Keys, APLC*, 238 Cal. App. 4th 200, 2013 (2015). "The plaintiff cannot establish the ownership of the allegedly converted property where the status of the property is disputed." *Snapkeys, Ltd. v. Google LLC*, 539 F. Supp. 3d 1040, 1055 (N.D. Cal. 2021); *see also Finton Construction, Inv.*, 238 Cal. App. 4th at 213-14 (concluding that ownership element of conversion was not established when "[a]t best, the status of the property continues to be disputed"). Plaintiff cannot possibly allege that it possesses an undisputed interest in the Bytechip Account funds. Instead, probable cause exists that the funds contained in the Bytechip Account were procured through wire fraud and money laundering. *RJN*, Exhibit 1. Per the verified Forfeiture Complaint, the Bytechip Account "contain[s] the proceeds of wire fraud, in violation of 18 U.S.C. § 1349, and/or conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and/or concealment money laundering, in violation of 18 [U.S.C.] § 1956i.(1)(B)(1), and that all the property in the[] account[] was involved in money laundering transactions[.]" As Plaintiff cannot provide anything more than a bald assertion that it is entitled to possession of funds in the Bytechip Account, its claim for Conversion cannot survive.

Plaintiff's claim for Conversion additionally must fail as it cannot establish that Evolve wrongfully converted the Bytechip Account funds. "The second element of a conversion claim is the defendant's conversion by a wrongful act or disposition of property rights." *Snapkeys,* 539 F. Supp. 2d at 1057 (N.D. Cal. 2021). "Not every failure to deliver property to the rightful owner constitutes a conversion." *Spates v. Dameon Hosp. Ass'n*, 114 Cal. App. 4th 208, 222 (2003). Instead, a plaintiff is required to "prove that the defendant *wrongfully obtained possession* over a specific piece of property." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001) (emphasis added). Here, Plaintiff's claim for Conversion is based on the allegation that "Solid and Evolve by

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

their wrongful acts, continued to knowingly and intentionally take possession of, exercise control over, and withhold access to the entire balance" of the Bytechip Account. *Comp.* ¶ 49. However, as the Seizure Warrant, Forfeiture Complaint, and Order demonstrate, Evolve did not interfere with Plaintiff's right to possess the funds in the Bytechip Account and does not remain in possession thereof. Rather, the United States intervened in Plaintiff's possession of the funds and currently remains in possession thereof. *RJN*, Exhibit 4. Accordingly, Plaintiff's claim for Conversion is fatally flawed and cannot be cured by amendment. *Prof'l Tax Appeal v. Kennedy Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 239 (2018) (conversion claim failed because plaintiff did not allege that buyers had dominion or control over a property tax refund). Moreover, for the reasons discussed above, Plaintiff will not be able to demonstrate that is has suffered any damages, as it is not entitled to the funds in the Bytechip Account.

## V. PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF THE UCL FAILS.

To plead a viable claim under the Unfair Competition Law ("UCL"), a plaintiff must sufficiently allege facts demonstrating that a "business practice" is "unlawful, unfair, or fraudulent. *See Cal. Bus. & Prof. Code* § 17200; *Buller v. Sutter Health*, 160 Cal. App. 4th 981, 986 (2008). A plaintiff pursuing claims under California's consumer protection laws, including an unfair competition claim, "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal. Inc.*, 14 Cal. App. 4th 612, 619; *see also Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 857 (2002). From the Complaint, it is impossible to decipher whether Plaintiff intends on recovering under the unlawful, unfair, or fraudulent prong of the UCL. For this reason alone, Plaintiff's claim for Violation of the UCL cannot survive the present Motion. Regardless, as will be shown below, Plaintiff has failed to sufficiently allege that it is entitled to recovery under any of the three (3) UCL prongs. Moreover, Plaintiff's

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

claim for Violation of the UCL must fail as it is predicated upon vicarious liability and ignores that Plaintiff possesses an adequate remedy at law.

**A. <u>Plaintiff's Claim Cannot be Predicated Upon Vicarious Liability</u>**

The '"concept of vicarious liability has no application to actions brought under the unfair business practices act."' *Emery v. Visa International Service Assn'n*, 95 Cal. App. 4th 952, 960 (2002) (quoting *People v. Tommey*, 157 Cal. App. 3d 1, 14 (1984)). Instead, liability under the UCL "must be based on [the defendant's] personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500.'" *Id.* at 960 (internal citations omitted) (quoting *People v. Toomey*, 157 Cal. App. 3d at 15).

To support its claim for violation of the UCL, Plaintiff asserts that Evolve's "unlawful, unfair and/or fraudulent" business acts consisted of "[w]itholding the deposits made by Plaintiff for a prolonged period of time without justifications" and "[p]reventing Plaintiff from accessing its account without justifications." *Compl.* ¶ 55. However, Evolve is not withholding deposits made by Plaintiff or preventing Plaintiff from accessing funds in the Bytechip Account. The funds have been seized by the United States and are subject to the Forfeiture Action. *RJN,* Exhibits 1-4. As alleged in its Verified Claim, this action "seeks recovery of $4,336,691.74, consisting of the 1162 funds and partial 6272 funds at issue [in the Forfeiture Action]." *RJN*, Exhibit 4. By seeking to collect the funds seized from the Bytechip Account through Evolve, Plaintiff seeks to hold Evolve vicariously liable for the acts of the United States. Plaintiff's claim for violation of the UCL cannot be predicated upon vicarious liability and therefore is fatally flawed.

**B. <u>Plaintiff Holds an Adequate Remedy at Law</u>**

The Ninth Circuit has made clear that for a UCL claim to proceed, plaintiffs "must demonstrate the inadequacy of a remedy at law, or the court must dismiss the claim." *Rodriguez v.*

*FCA US LLC*, No. 8:22-cv-01445, 2023 U.S. Dist. LEXIS 48041, at *6-8 (C.D. Cal. Mar. 21, 2023) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841-44 (9th Cir. 2020)); *see also Robin v. Google LLC*, No. 22-cv-045447-BLF, 2023 WL 4053804, at *13 (N.D. Cal. Jun. 15, 2023) ("plaintiff must, at a minimum, plead that [it] lacks adequate remedies at law if [it] seeks equitable relief"). The mere existence of an adequate legal remedy—even one that may fail—will bar equitable jurisdiction in federal courts. *Guzman v. Polaris Indus., Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022); *see also Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011). ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable."); *see also Schertz v. Ford Motor Co.*, No. CV-20-03221-TJH-PVCS, 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020) (dismissing UCL claim when plaintiff sought both injunction and restitution). Here, Plaintiff's claim for Violation of the UCL cannot proceed as it holds a clear remedy at law—to defend itself in the Forfeiture Action. However, even if the Forfeiture Action did not exist, Plaintiff's claim would still be improper as its claim for Breach of Contract against Solid presents an adequate remedy at law. As Plaintiff possesses an adequate remedy at law, its claim for Violation of the UCL is fatally flawed and should be dismissed with prejudice. *See Rhynes*, No. 1-CV-05619, 2011 WL 2149095, at *4 (dismissing UCL claim with prejudice on first motion to dismiss because plaintiffs possessed an adequate remedy at law).

### C. <u>Plaintiff Lacks Standing Under the UCL to Pursue a Claim Against Evolve</u>

To sufficiently allege a claim for Violation of the UCL, a plaintiff is required to allege an injury in fact, and that the plaintiff "has lost money or property as a result of the unfair competition." *Cal. Bus. & Prof. Code* § 17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011). Here, Plaintiff does not allege that it suffered any actual injury as a result of any improper action of

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

*Evolve*. Instead, the Complaint is entirely predicated upon the United States' seizure of funds in the Bytechip Account. Having failed to allege that it has lost money or property as a result of Evolve's purported actions, Plaintiff is not entitled to any relief from Evolve under the UCL.

**D. <u>Plaintiff Has Not Alleged an Unlawful Practice</u>**

Even if Plaintiff possessed standing to assert a UCL claim, Plaintiff cannot sufficiently allege a violation of the unlawful, unfair, or fraudulent prongs. Plaintiff's "unlawful" claim fails because it does not allege any violation of another "law." To be classified as "unlawful" for purposes of the UCL, a complaint must allege an act that "can properly be called a business practice and that at the same time is forbidden by law." *Smith v. State Farm Mutual Auto Ins. Co.*, 93 Cal. App. 4th 700, 717-718 (2001); *see also People ex rel. Dep't of Motor Vehicles v. Cars 4 Causes*, 139 Cal. App. 4th 1006, 1016 (2006) ("An 'unlawful' practice requires violation of another statute . . ."). "Where a plaintiff cannot state a claim under the 'borrowed' law, he or she cannot state a UCL claim either." *Suarez v. Bank of Am.*, 2018 WL 2431493, at (N.D. Cal. May 30, 2018). Here, Plaintiff has not adequately pled or alleged any violation of an underlying constitutional, regulatory, or statutory law. Instead, Plaintiff's claim is predicated upon its assertions that Evolve acted unlawfully by "[w]ithholding the deposits made by Plaintiff for a prolonged period time without justifications" and by "[p]reventing Plaintiff from accessing its account, without justifications[.]" *Comp.* ¶ 55. Having failed to allege direct liability for a violation of an underlying constitution, regulatory, or statutory law, Plaintiff is not entitled to recovery under the unlawful prong of the UCL. *Skillicorn v. CitiMortgage*, No. 5:14-cv-03470 EJD, 2015 U.S. Dist. LEXIS, at *5 (N.D. Cal. Jan. 12, 2015) ("Since it is 'tethered' solely to the dismissed negligence claim, any claim under the unlawful prong must also be dismissed.").

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**E. Plaintiff Has Not Alleged an Unfair Practice**

There is a split of authority in California as to the proper definition of "unfair" for purposes of the UCL. *Wilson v. Hynek*, 207 Cal. App. 4th 999, 1008 (2012). "State and federal courts have recognized three tests." *Smith v. LG Elecs. U.S.A., Inc.*, No. 13-CV-04361 PJH, 2014 U.S. Dist. LEXIS 315777, at *28-29 (N.D. Cal. Mar. 11, 2014) (internal citations omitted). Regardless of which test is applied, Plaintiff's claim fails.

Under the first test, the "tethering test," unfair conduct is limited to "that which 'offends an established public policy' and is 'tethered to specific constitutional, statutory or regulatory provisions". *Id.* (citing *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 593-87 (2009).) Here, Plaintiff never identifies any "specific constitutional, statutory or regulatory" provision which Evolve could have possibly violated by complying with the Seizure Warrant. *See Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 U.S. Dist. LEXIS 114374, at *17 (N.D. Cal. Aug. 12, 2013). As Plaintiff has failed to sufficiently allege any claim against Evolve, let alone a specific constitutional, statutory, or regulatory violation, its claim for Violation of the UCL must fail under the tethering test. *See Williamson v. McAffee, Inc.*, No. 5:14-CV-00158-EDJ, 2014 U.S. Dist. LEXIS 117565, at *19 (N.D. Cal. Aug. 22, 2014) (dismissing tethering test unfair prong claim where it was tethered to claims that were dismissed).

Under the second test, the "balancing test," courts "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Williamson*, 2014 U.S. Dist. LEXIS 117565, at *18 (citing *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1268 (2006). Similarly, the third test applies a balancing test that is divided into two separate analyses. The first analysis under the third test "evaluates whether the business practice is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers' and 'requires the court to weigh the

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

utility of the defendant's conduct against the gravity of harm to the alleged victim.'" *LG Elecs. U.S.A., Inc.*, 2014 U.S. Dist. LEXIS 31577, at *29 (citing *Davis*, 179 Cal. App. 4th at 594-75). The second analysis performed under the third test "requires that 'the consumer injury…be substantial;' that 'the injury…not be outweighed by any countervailing benefits to consumers or competition;' and that the injury be one 'that consumers themselves could not reasonably have avoided.'" *Id.* (citing *Davis*, 179 Cal. App. 4th at 597). Regardless of the balancing test applied, Plaintiff cannot sufficiently allege that Evolve's conduct was unfair. Again, Evolve merely complied with the terms of the Seizure Warrant and did not directly cause Plaintiff's alleged harm. Evolve's act of complying with the Seizure Warrant was not immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Instead, complying with the Seizure Warrant carried great utility because, if anything, Plaintiff's alleged acts of money laundering and wire fraud were injurious to consumers. Having failed to allege any unfair conduct, Plaintiff's claim for Violation of the UCL must fail.

At a minimum, Plaintiff's claim under the unfair prong should be dismissed for failing to include any allegations comparing the purported harm to consumers against the utility of Evolve's conduct. *See Williamson*, 2014 U.S. Dist. LEXIS 117565, at *19 (dismissing unfair UCL claim where "Plaintiff [did not] include [] allegations that go towards comparing the harm to consumers against the utility of Defendant's conduct").

### F. Plaintiff Has Not Alleged a Fraudulent Practice

Plaintiff's Complaint similarly fails to allege facts required to satisfy the "fraudulent" prong. A business practice is considered "fraudulent" under the UCL if the "public [is] likely to be deceived." *See Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 613 (2014) (internal quotations omitted). After Proposition 64, a plaintiff is required not only to prove that it was "likely" to be deceived, but also must prove injury by showing actual deception and reliance. *Pfizer v.*

*Superior Court*, 182 Cal. App. 4th 622, 632-633 (2010). Moreover, UCL claims alleging fraudulent business practices trigger a heightened pleading requirement that mandates plaintiffs allege the circumstances constituting fraud with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).

Under California law, fraud requires (1) a showing of misrepresentation (false representation, concealment or nondisclosure; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance on the part of the plaintiff; and (5) resulting damage. *Charpentier v. Los Angeles Rams Football Club Co., Inc.*, 75 Cal. App. 4th 301, 312 (1999). Plaintiff has failed to allege a fraudulent business practice for several reasons. First, Plaintiff has not alleged that any statement made by Evolve was actually false. Plaintiff alleges that Evolve stated the funds were frozen due to an ongoing federal investigation. *Compl.* ¶ 31. This clearly was true as the Bytechip Account is subject to the Forfeiture Action. *See RJN*, Exhibits 1-4. Second, Plaintiff has entirely failed to allege the required elements of knowledge of falsity, intent to defraud, and justifiable reliance. As Plaintiff has not alleged any misrepresentation, knowledge of falsity, intent to defraud, or justifiable reliance it cannot prevail under the fraudulent prong of the UCL.

## VI. CONCLUSION

For the foregoing reasons, Evolve respectfully requests that the Court grant this Motion to dismiss Plaintiff's Complaint against Evolve in its entirety with prejudice.

DATED: this 5th day of June, 2024

By: */s/ Ismail Amin*
Ismail Amin, Esq.
Katherine J. Vescera, Esq.
Christopher Stark, Esq.
**TALG, LTD.**
***Attorneys for Defendant Evolve Bank & Trust***

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 15 -

DEFENDANT EVOLVE BANK & TRUST'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 5, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing documents via the Court's CM/ECF system.

Executed on June 5, 2024 at Irvine, California.

_*/s/ Emin Avakian*_________
Emin Avakian