1  **TALG, LTD.**
Ismail Amin, Esq. (SBN 231232)
2  Katherine J. Vescera, Esq. (SBN 287171)
Christopher Stark, Esq. (SBN 306898)
3  2211 Michelson Drive, Suite 1170
Irvine, California 92612
4  Telephone: (949) 502-7715
Facsimile: (949) 266-8406
5
Attorneys for Defendant EVOLVE BANK & TRUST
6
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
7  James D. Judah (SBN 257112)
50 California Street, 22nd Floor
8  San Franscisco, CA 94111
Telephone: (415) 845-6600
9  Facsimile: (415) 875-6700

10  Attorneys for Solid Financial Technologies, Inc.

11

**IN THE UNITED STATES DISTRICT COURT**
12  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13  BYTECHIP, LLC d/b/a QBIT, a Delaware                )   **Case No. 24-cv-01226-LB**
limited liability company,                          )
14                                                      )
)
Plaintiff,                   )   **DEFENDANTS SOLID FINANCIAL**
15                                                      )   **TECHNOLOGIES, INC. AND EVOLVE**
vs.                      )   **BANK & TRUST'S NOTICE OF MOTION**
16                                                      )   **AND MOTION TO TRANSFER VENUE**
SOLID FINANCIAL TECHNOLOGIES,                       )
17  INC., a Delaware corporation; EVOLVE              )   *[Filed concurrently with: (1) Request for*
BANK & TRUST, an Arkansas corporation;              )   *Judicial Notice; (2) Declaration of Margaret*
18  and DOES 1-10, inclusive,                         )   *Gibson Everett]*
)
19                  Defendants.                        )   **Hearing Date:** July 18, 2024
)   **Time:**          10:00 a.m.
20                                                      )   **Dept.:**         11—19th Flor
)   **Judge:**         Hon. James Donato
21                                                      )
)
22                                                      )
)
23                                                      )

24  _____

- i -

**DEFENDANTS SOLID FINANCIAL TECHNOLOGIES, INC. AND  EVOLVE BANK & TRUST'S NOTICE OF MOTION AND MOTION
TO TRANSFER VENUE**

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2    **PLEASE TAKE NOTICE** that on July 18, 2024, at 10:00 a.m. in Courtroom 11, 19th

3    **Floor** of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102,

4    Defendant EVOLVE BANK & TRUST ("Evolve") through its counsel of record herein, TALG, Ltd.,

5    and Defendant SOLID FINANCIAL TECHNOLOGIES, INC. ("Solid") through its counsel of record

6    herein Quinn Emanuel Urquhart & Sullivan, LLP, will and hereby do, move this Court for an Order

7    transferring venue in this matter to the United States District Court, Western District of Tennessee,

8    pursuant to 28 U.S.C. 1404(a).  This Motion is made and based upon the following Memorandum of

9    Points and Authorities, Declaration of Margaret Gibson Everett, and all pleadings and papers on file

10   herein, as well as any matter of which the Court may take judicial notice, documentary evidence or

11   argument given at the hearing, and any other matter which the Court deems appropriate.

12   DATED: this 5th day of June, 2024

13                                              By:  _/s/ Ismail Amin_____
                                                      Ismail Amin, Esq.
14                                                    Katherine J. Vescera, Esq.
                                                      Christopher Stark, Esq.
15                                                    **TALG, LTD.**
                                                      ***Attorneys for Defendant Evolve Bank &***
16                                                    ***Trust***

17   DATED: this 5th day of June, 2024

18                                              By:  _/s/ James Judah_____
                                                      James Judah, Esq.
19                                                    **QUINN EMANUEL URQUHART &**
                                                      **SULLIVAN, LLP**
20                                                    ***Attorneys for Defendant Solid Financial***
                                                      ***Technologies, Inc.***

21

22

23

24

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**TABLE OF CONTENTS**

I.   **INTRODUCTION** ............................................................................................... 1

II.  **ISSUE TO BE DECIDED** ................................................................................ 2

III. **STATEMENT OF FACTS** ............................................................................... 2

    A.   **Bank and Card Services Agreement** ...................................................... 2

    B.   **Plaintiff's Funds are Seized by The United States** ............................... 3

        1.   **The Warrant to Seize Property Subject to Forfeiture** ................ 3

        2.   **The Complaint for Forfeiture *In Rem* Against the Bytechip Account** .......... 4

        3.   **The Ordered Forfeiture of the Bytechip Account** .................... 5

        4.   **Plaintiff's Verified Claim in the Forfeiture Action** ................. 5

        5.   **Plaintiff's Answer in the Forfeiture Action** ......................... 5

III. **VENUE SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. §1404(A)** ......... 6

    A.   **Plaintiff Should Have Filed This Action in the Western District of Tennessee** ....... 6

        1.   **The Western District of Tennessee has Subject Matter Jurisdiction Based on Federal Question** ......... 7

        2.   **The Western District of Tennessee has Personal Jurisdiction Over Defendants** ......... 7

        3.   **Venue is Proper in the Western District of Tennessee** ........... 8

    B.   **All Relevant Factors Favor Transfer** ..................................................... 9

        1.   **Plaintiff's Choice of Forum Should be Entitled Little Weight** ....... 9

        2.   **Convenience of Non-Party and Party Witnesses Favors Transfer** ....... 10

        3.   **The Western District of Tennessee Has a Strong Local Interest in the Action** ......... 12

        4.   **The Ease of Access to Evidence Favors Transfer** ................. 12

        5.   **Familiarly with California Law is Not an Obstacle** ............... 13

        6.   **Feasibility of Consolidation** ......................................... 13

        7.   **Speed of Resolution** ................................................... 14

        8.   **Defendants' Request for Transfer is Timely** ...................... 14

V.   **CONCLUSION** ................................................................................................ 15

T.M.G. Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

1

**TABLE OF AUTHORITIES**

2

3

4  *Barnstormers, Inc. v. Wing Walkers, LLC,* No. 09cv2367 BEN (RBB), 2010 U.S. Dist.

5  LEXIS 144232, at *8-9 (S.D. Cal. Jul. 9, 2010) ..................................................................... 13

6  *Brown v. Abercrombie & Fitch Co.,* No. 4:13-CV-05205 YGR, 2014 U.S. Dist. LEXIS

7  19414, at *19 (N.D. Cal. Feb. 14, 2014) ............................................................................... 12

8  *Burns v. Svenson,* No. 19-CV-01209-HSG, 2019 U.S. Dist. LEXIS 130866, at *4

9  (N.D. Cal. Aug. 5, 2019) ........................................................................................................... 9

10  *Cardoza v. T-Mobile USA, Inc.,* No. 08-5120 SC, U.S. Dist. LEXIS 25895, at *15

11  (N.D. Cal. Mar. 18, 2009) ....................................................................................................... 13

12  *Chung v. Chung Peng Chih-Mei,* Case No. 22-cv001983-PCP, 2024 U.S. Dist.

13  LEXIS 17171, at *6 ..................................................................................................................... 7

14  *Continental Grain Co. v. The FB-585,* 364 U.S. 19, 26 (1960) ........................................... 14

15  *Daimler AG v. Bauman,* 571 U.S. 117, 137, 139 n.19 (2014) .............................................. 7

16  *Dudash v. Varnell Struck & Associates, Inc.,* No. C 04-2748 NHP, 2004 WL 2623903, at

17  *5 (N.D. Cal. Nov. 16, 2004) ................................................................................................ 10

18  *eBay Inc. v. Digital Point Sols., Inc.,* 608 F. Supp. 2d 1156, 1166 (N.D. Cal. 2009) ........... 14

19  *Fabus Corp. v. Asiana Exp. Corp.,* No. 00-3172, 2001 WL 253185,

20  at *1 (N.D. Cal. March 5, 2001) ............................................................................................... 9

21  *Flint v. UGS Corp.,* No. C07-004640 MJJ, 2007 U.S. Dist. LEXIS 94643, at *9

22  (N.D. Cal. Dec. 12, 2007) ....................................................................................................... 11

23  *Ford Motor Co v. Mont. Eighth Jud. Dist. Ct,* 141 S. ct. 1017, 1024 (2021) ......................... 8

24  *Frazier v. Stanley,* No. 15-CV-4512-PJH, 2016 WL 368100, at *1 (N.D. Cal. Jan 26, 2016) ............. 9

25  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 245 U.S. 308, 312 (2005) ......................... 7

26  *Hangzhou Chic Intelligent Tech. Co. v. Sagway, LLC,* No. 16-cv-04804-HSG, 2017 Dist.

27  LEXIS 61265, at *11-12 (N.D. Cal. April 21, 2017) ........................................................... 12

28  *Helm v. Algerwoods Group, Inc., et al.,* No. C 08-01184 SI, 2008 WL 2915424,

T.M.G. Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**DEFENDANTS SOLID FINANCIAL TECHNOLOGIES, INC. AND EVOLVE BANK & TRUST'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**

T.M.G. Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

*3 (N.D. Cal. July 22, 2008) ............................................................................................... 9

*Heredia v. Sunrise Senior Living, LLC,* No. 18-cv-00616-HSG, U.S. Dist. LEXIS 186749,
at *18 (N.D. Cal. Oct. 31, 2018) ...................................................................................... 12

*In re Funeral Consumers Antitrust Litig.,* No. C 05-01804 WHA, 2005 WL 2334362, at *4
(N.D. Cal. Sept. 23, 2005) ................................................................................................ 11

*Jenkins Brick Co. v. Bremer,* 321 F. 3d 1366, 1371 (3rd Cir. 2003) ................................... 8

*Knuttel v. Omaze, Inc.,* 572 F. Supp. 3d 866, 869 (N.D. Cal 2021) ...................................... 8

*Lawler v. Tarallo,* No. C13-03284 MEJ, 2013 U.S. Dist. LEXIS 152412, at
*8 (N.D. Cal. Oct. 23, 2013*) .................................................................................................. 8

*Moore v. C.R. England, Inc.,* No. 09-1814 SC, 2009 WL 3458303, at *2 (N.D. Cal. Oct. 23, 2009) . 10

*Park v. Dole Fresh Vegetables, Inc.,* 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013) ..................... 9, 12

*Perez v. Performance Food Grp., Inc.,* No. 15-cv-02390-HSG, 2017 U.S. Dist. LEXIS 2319,
at *4 (N.D. Cal. Jan. 6, 2017*)*) ............................................................................................. 9

*Stambanis v. TBWA Worldwide, Inc.,* No. 19-CV-00821-TSH, 2019 WL 1979949, at *2
(N.D. Cal. May 3, 2019) ................................................................................................... 10

*Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) ..................................................... 6

*Turnage v. Old Dominion Freight Line, Inc.,* 2013 U.S. Dist. LEXIS 84277, at *14
(N.D. Cal. June 14, 2013) ................................................................................................. 14

*Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964) .................................................................. 6

*Vu v. Ortho-McNeil Pharm., Inc.,* 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009*) ................ 9

*Walters v. Famous Transports, Inc.,* 288 F. Supp. 3d 930, 935 (N.D. Cal. 2020) ................. 6

*Woodke v. Dahm,* 70 F. 3d 983, 985 (8th Cir. 1995) ............................................................ 8


**Rules and Procedures**

*28 U.S.C. §1404(a)* ........................................................................... 1, 2, 6, 9, 14, 15

*28 U.S.C. §1331* .................................................................................................................. 7

*28 U.S.C. §1441(a)* ............................................................................................................. 7

*28 U.S.C. §1391(b)(2)* ......................................................................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants EVOLVE BANK & TRUST ("Evolve") and SOLID FINANCIAL TECHNOLOGIES, INC. ("Solid") (collectively, the "Defendants") bring this motion to transfer venue to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a).   In its Complaint, Plaintiff BYTECHIP, LLC ("Plaintiff") alleges that Evolve froze or instructed the freezing of the funds in virtual account no. 9540********1162 in the name of Bytechip, beneficial owner Yujun Wu, that Bytechip created with Defendants (the "Bytechip Account").   *Complaint ("Comp.")*, ¶ 31. Based upon this "freeze" of its account, Plaintiff asserts claims for breach of contract, conversion, and violation of *California Business & Professions Code* Section 17200 *et seq*.   However, as Plaintiff is aware, the funds in the Bytechip Account were seized by the United States Secret Service pursuant to a Warrant to Seize Property Subject to Forfeiture ("Seizure Warrant") that was issued on November 6, 2023, in the United States District Court for the Western District of Tennessee.   *Request for Judicial Notice ("RJN")*, Exhibit 1.

The events giving rise to the present case occurred in the Western District of Tennessee where a forfeiture action concerning the Bytechip Account has been initiated (the "Forfeiture Action"). *RJN*, Exhibit 2.   To prevail in both cases, Plaintiff will necessarily be required to establish that the United States acted without authority in seizing its funds.   Indeed, per a February 12, 2024, order entered in the Forfeiture Action, "any parties claiming an interest in the said property must file a claim within sixty (60) days of the first date of publication and an answer to the [forfeiture] complaint within twenty (20) days thereafter."   *RJN,* Exhibit 3.   Acting in compliance with the February 12, 2024, Order entered in the Forfeiture Action, Plaintiff has filed a Verified Claim acknowledging the

**TALG, Ltd.**
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

present litigation and that Plaintiff's requested "recovery of $4,336,961.74, consisting of the 1162 funds and partial 6272 funds at issue [in the Forfeiture Action]." *RJN*, Exhibit 4.

This action could have initially been brought in the Western District of Tennessee as that District holds subject matter jurisdiction based upon federal question and personal jurisdiction due to Evolve being headquartered in Tennessee. *Declaration of Margaret Gibson Everett ("Gibson Everett Decl.")*, ¶ 4. Venue is proper in the Western District of Tennessee as that is where the Bytechip Account was seized. Transferring venue to the Western District of Tennessee will serve the convenience of the parties, and is in the interests of justice, because the majority of factors considered under a 28 U.S.C. § 1404 analysis either weigh in favor of the transfer or are neutral. For these reasons, transfer of venue to the Western District of Tennessee is proper and this Motion should be granted.

## II.  <u>ISSUE TO BE DECIDED</u>

The issue to be decided is whether this action should be transferred to the United States District Court for the Western District of Tennessee to serve the convenience of the parties and witnesses, and in the interests of justice.

## III.  <u>STATEMENT OF FACTS</u>

### A. Bank and Card Services Agreement.

On September 12, 2022, Plaintiff entered into a Bank and Card Services Agreement with Solid and an Addendum outlining the Banking and Card Services that would be provided under the Bank and Card Services Agreement (Bank and Card Services Agreement and Addendum collectively, the "Agreement"). *See Compl.*, ¶ 10. Under this Agreement, Solid, through a bank like Evolve, was to "provide the Banking Services … and Card Services … to Client Customers who become

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 2 -

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

Accountholders."  *Compl.* ¶ 11.  Specifically, under the Bank and Card Services Agreement Solid with a partner bank such as Evolve was to:

> enable each Accountholder to (a) create and maintain an account in the Accountholder's name represented by a virtual bank account number that enables that Accountholder to store, spend, and manage money (this account, a "Financial Account); and (b) make electronic payments and funds transfers to and from the Accountholder's Financial Account (the services described in this sentence, the "Banking Services").  SPC will act as the agent for the Accountholder with respect to the Financial Account.  *Compl.*, Exhibit 2 at § 3.1.

**B.  Plaintiff's Funds are Seized by The United States.**

Less than half a year after the Bytechip Account was opened "Solid advised Bytechip via email that Solid was terminating the Solid Fee Schedule as of January 19, 2023, that the accounts would be closed on February 17, 2023, and that '[f]unds let in accounts past [February 17, 2023] [would] be returned to the approved KYC account holder's address via physical check.'"  *Compl.* ¶ 25.  Per the Complaint, "Evolve froze or instructed to freeze the funds in the 1162 account, citing an ongoing fraud investigation with the federal government into a high volume of transactions related to certain accounts, including the 1162 account."  *Compl.* ¶ 31.  As Plaintiff is aware, the United States—not Evolve—directed the seizure of the Bytechip Account.

**1.  The Warrant to Seize Property Subject to Forfeiture.**

On November 6, 2023, Chief United States Magistrate Judge Tu M. Pham issued a warrant to seize property subject to forfeiture in the United States District Court for the Western District of Tennessee.  *RJN,* Exhibit 1.  Under the Seizure Warrant, any authorized law enforcement officer was commanded to "execute this warrant and seize the property" in the Bytechip Account on or before November 20, 2023.  Per the Seizure Warrant, "[t]here is probable cause that the assets [in the Bytechip Account] constitute or are derived from the proceeds of wire fraud in violation of 18 U.S.C.

§§ 1343, 1349 and/or property involved in money laundering, in violation of 18 U.S.C. 1956 and 1957, and are therefore subject to civil and criminal forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 18 U.S.C. § 982, 18 U.S.C. § 984, and 28 U.S.C. § 2461(c); and seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. 853(f)." *Id.*

### 2. The Complaint for Forfeiture *In Rem* Against the Bytechip Account.

On January 22, 2024, the United States filed a Complaint for Forfeiture *In Rem* against the Bytechip Account in the United States District Court for the Western District of Tennessee (the "Forfeiture Complaint"). *RJN,* Exhibit 2. Per the Forfeiture Complaint, jurisdiction exists in the Western District of Tennessee "under 18 U.S.C. § 1355(a). The Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b)" and "[v]enue is proper because the acts or omissions giving rise to the forfeiture occurred [in the Western District of Tennessee] and the claim accrued in [the Western District of Tennessee]." *Id.*

The Forfeiture Complaint "seeks the forfeiture of all right, title, and interest in the above-captioned property because the property constitutes or is derived from proceeds of wire fraud and wire fraud conspiracy in violation of 18 U.S.C. §§ 1343 and 1349, and property involved in monetary transactions, money laundering, and conspiracy to commit same, in violation of 18 U.S.C. §§ 1956." *RJN,* Exhibit 2 at ¶ 2. The Forfeiture Complaint arose after a sudden increase in wire recalls "cited for fraud and scam, including 'invested in crypto scam, company does not exist,' 'victim of fake medical scam,' and 'remitter advised payment is fraudulent.'" *RJN,* Exhibit 2 at ¶ 12. The beneficial owner of the Bytechip Account appears to be part of a group of individuals "conspiring together to orchestrate fraud scams which are targeting businesses and consumers residing tin the United States and Canada." *Id.* "Through bank documentation, tax documents, open-source research and direct communication with victims and bank investors, [the United States] demonstrated that wire fraud

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

1    proceeds from pig butchering victims are frozen in… Bytechip Solidfi vAccount **1162, and that

2    th[e] account[] [is] used to launder the proceeds of wire fraud."  *Id.*  at ¶ 38.

3                    **3.    The Ordered Forfeiture of the Bytechip Account**

4           On February 12, 2024, an order was entered in the Forfeiture Action providing that "the

5    United States Secret Service for this district will seize the defendant property and hold said property

6    subject to further orders of this Court[.]"  *RJN,* Exhibit 3.  Under the February 12, 2024, order, "any

7    parties claiming an interest in the said property must file a claim within sixty (60) days of the first

8    date of publication and an answer to the complaint within twenty (20) days thereafter."  *Id.*

9                    **4.    Plaintiff's Verified Claim in The Forfeiture Action**

10          On April 12, 2024, Plaintiff filed a Verified Claim in the Forfeiture Action.  *RJN,* Exhibit 4.

11   In its Verified Claim, Plaintiff "asserts that it has filed suit in California against Solid Financial

12   Technologies and Evolve Bank & Trust.  In the California suit, [Plaintiff] denies knowledge of the

13   alleged 'unsatisfactory banking practices' and seeks recovery of $4,336,961.74 consisting of the 1162

14   funds and partial 6272 funds at issue here."  *Id*.  Plaintiff also asserts that "[t]he seizure of the 1162

15   funds and partial 6272 funds is a distinct and palpable injury to Bytechip not only because it is no

16   longer able to operate its business due to its funds being seized, but also because it is an innocent

17   owner of said funds."  *Id.*

18                   **5.    Plaintiff's Answer in The Forfeiture Action**

19          On May 1, 2024, Plaintiff filed an Answer in the Forfeiture Action.  *RJN*, Exhibit 5.  In its

20   Answer, Plaintiff denies the material allegations of the Forfeiture Complaint and asserts several

21   affirmative defenses arguing that it "did not knowingly engage in any lawful transactions or activity"

22   and held a "good faith and honest belief that its conduct was unlawful."  *Id.*  Having filed a Verified

23   Claim and Answer, it appears that Plaintiff intends on defending itself fully in the Forfeiture Action.

24

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 5 -

T.M.G. Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**IV.     VENUE SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1404(A)**

"For the convenience of the parties and witness, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "The idea behind § 1404(a) is that where a civil action to vindicate a wrong … presents issues and requires witnesses that make one District Court more convenient than another the trial judge can, after findings, transfer the whole action to the more convenient court."  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (superseded by statute on other grounds).  A court has broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Courts employ a two-step analysis when determining whether transfer of venue is proper: (1) the receiving district court is "a district or division where [the action] might have been brought," and (2) the transfer is for "the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  Both of these factors exist in the present case and warrant a transfer to the Western District of Tennessee.

**A. Plaintiff Should Have Filed This Action in the Western District of Tennessee.**

An action can be brought in any District that has subject matter jurisdiction, personal jurisdiction over the defendant(s), and where venue is proper.  *Walters v. Famous Transports, Inc.*, 288 F. Supp. 3d 930, 935 (N.D. Cal. 2020).   Based upon the factual background and circumstances in this matter, there is little doubt that Plaintiff could have filed its current claims in the Western District of Tennessee.  Indeed, pursuant to the February 12, 2024, Order entered in the Forfeiture Action, "any parties claiming an interest in the said property must file a claim within sixty (60) days of the first date of publication and answer to the complaint within twenty (20) days thereafter." *RJN*,

- 6 -

Exhibit 3.  In accordance with this Order, Plaintiff filed a Verified Claim in the Forfeiture Action. *RJN*, Exhibit 4.  As shown below, the Western District of Tennessee holds subject matter jurisdiction, personal jurisdiction of Defendants, and venue is proper.

**1.  The Western District of Tennessee has Subject Matter Jurisdiction Based on Federal Question.**

As briefed in Defendants' Notice of Removal, the district courts hold federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1441(a) as Plaintiff's "right to relief depends upon the construction or application of federal law."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 245 U.S. 308, 312 (2005) (internal citations omitted).    Plaintiff's state law claims necessarily raise a federal issue because Plaintiff is requesting "immediate possession of the entire balance of $4,336,961.74 in the 1162 account of which Bytechip is the Accountholder[.]"  By asserting that its funds were wrongfully withheld, Plaintiff effectively asserts that the federal government acted without authority to seize the Bytechip Account and that Evolve acted improperly by complying with the Seizure Warrant.  As Plaintiff challenges the validity of seizure, its claims necessarily raise a federal question.

**2.  The Western District of Tennessee has Personal Jurisdiction Over Defendants**

The Western District of Tennessee possesses general jurisdiction over Evolve due to its headquarters being located in Memphis, Tennessee.  *See Chung v. Chung Peng Chih-Mei*, Case No. 22-cv001983-PCP, 2024 U.S. Dist. LEXIS 17171, at *6 ("For corporations, therefore, the 'paradigm' bases for general jurisdictions are 'the place of incorporation and principal place of business,' although operations in another state might also be 'so substantial and of such a nature as to render the corporation at home in that State.'" [citing *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 n.19

T.A.L.G., Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

1   (2014)]); *See Gibson Everett Decl.*, ¶ 4.   Joining in this Motion, Solid does not contest that the

2   Western District of Tennessee holds personal jurisdiction over it in this matter.   Regardless, Solid is

3   subject to specific personal jurisdiction in the Western District of Tennessee for matters arising out of

4   this action.   "For a court to have specific personal jurisdiction, the defendant 'must take some act by

5   which it purposefully avails itself of the privilege of conducting activities' in the forum state, and the

6   claims 'must arise out of or relate to the defendant's contacts with the forum." *Id.* citing *Ford Motor*

7   *Co v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017,1024 (2021).   Here, Solid purposefully availed

8   itself to Tennessee by entering into an agreement with Evolve, a corporation headquartered in

9   Tennessee, for the provision of banking services.   Moreover, the Master Bank Services Agreement

10  between Evolve and Solid is governed by Tennessee law and, and Evolve and Solid agreed to submit

11  to the jurisdiction of the Courts of Tennessee.   *See Gibson Everett Decl.*, ¶ 5.   As the present action

12  arises out of this agreement, Solid is subject to specific personal jurisdiction in Tennessee.

13              **3.   Venue is Proper in The Western District of Tennessee**

14          Venue is proper in "a judicial district in which a substantial part of the events or omissions

15  giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).   "This substantiality inquiry focuses on

16  the 'relevant activities of the defendant, not of the plaintiff.'" *Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d

17  866, 869 (N.D. Cal. 2021) (citing *Woodke v. Dahm*, 70 F. 3d 983, 985 (8th Cir. 1995)).   Under this

18  analysis, "'[o]nly the events that directly give rise to a claim are relevant.'" *Lawler v. Tarallo*, No. C

19  13-03284 MEJ, 2013 U.S. Dist. LEXIS 152412, at *8 (N.D. Cal. Oct. 23, 2013) (citing *Jenkins Brick*

20  *Co. v. Bremer*, 321 F. 3d 1366, 1371 (3rd Cir. 2003)).   As alleged in the verified Forfeiture

21  Complaint, "[v]enue is proper because the acts or omissions giving rise to forfeiture occurred in [the

22  Western District of Tennessee] and the claim accrued in [the Western District of Tennessee]." *RJN,*

23  Exhibit 2.   Venue is proper in the Western District of Tennessee because Evolve's investigation of

24

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

the funds and the subsequent seizure of the Bytechip Account both occurred in the Western District of Tennessee.

### B. All Relevant Factors Favor Transfer

"Although § 1404(a) lists three factors—convenience of parties, convenience of witnesses, and the interests of justice—rulings in motions brought under §1404(a) can involve a number of other considerations." *Frazier v. Stanley*, No. 15-CV-4512-PJH, 2016 WL 368100, at *1 (N.D. Cal. Jan. 26, 2016). "In this District, courts typically consider the following factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. *Burns v. Svenson*, No. 19-CV-01209-HSG, 2019 U.S. Dist. LEXIS 130866, at * 4 (N.D. Cal. Aug. 5, 2019); *see also Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 U.S. Dist. LEXIS 2319, at *4 (N.D. Cal. Jan. 6, 2017); *see also Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

### 1. Plaintiff's Choice of Forum Should be Entitled Little Weight

While some consideration is generally given to a plaintiff's choice of forum, "the degree of deference is substantially diminished" when the conduct giving rise to the claims occurred in a different forum. *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094, (N.D. Cal. 2013); *Perez*, 2017 WL 66874 at *3; *Fabus Corp. v. Asiana Exp. Corp.*, No. 00-3172, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001). Additionally, where there is evidence of forum shopping, courts should disregard a plaintiff's choice of forum. *See Helm v. Algerwoods Group, Inc., et al.*, No. C 08-01184 SI, 2008 WL 2915424, *3 (N.D. Cal. July 22, 2008).

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

Here, the underlying facts giving rise to the present action demonstrate that Plaintiff's choice of forum is not entitled to deference. The crux of Plaintiff's Complaint focuses on Evolve's election to "freeze" the Bytechip Account in connection with "an ongoing fraud investigation with the federal government into a high volume of transactions related to certain accounts including the 1162 account." *Compl.* ¶ 31. However, this was not a "freeze" of the Bytechip Account, but rather a seizure conducted by the United States in the Western District of Tennessee. As the conduct giving rise to the claims—the seizure of the Bytechip Account—occurred in the Western District of Tennessee, Plaintiff's selected forum should not be provided deference.

Moreover, Plaintiff's election to originally pursue the current action in state court, where it seeks to obtain "equitable monetary relief" pursuant to California's UCL, rather than in the district where the Forfeiture Action was filed, can only be described as an attempt to engage in the precise forum shopping strategy that Section 1404(a) is intended to prevent. *Compl.* ¶ 57; *Dudash v. Varnell Struck & Associates, Inc.*, No. C 04-2748 NHP, 2004 WL 2623903, at *5 (N.D. Cal. Nov. 16, 2004). Demonstrative of this, Plaintiff's Complaint does not reference the Seizure Warrant or the Forfeiture Complaint. Instead, Plaintiff vaguely refers to an "ongoing fraud investigation" seemingly in an attempt to shroud the fact that Evolve is not in possession of funds once contained in the Bytechip Account. As the acts giving rise to the present litigation occurred in the Western District of Tennessee and Plaintiff appears to have engaged in forum shopping, little deference should be given to Plaintiff's choice of forum.

## 2. Convenience of Non-Party and Party Witnesses Favors Transfer

"The convenience of witnesses is often the most important factor in resolving a motion to transfer." *Moore v. C.R. England, Inc.*, No. 09-1814 SC, 2009 WL 3458303, at *2 (N.D. Cal. Oct. 23, 2009); *Stambanis v. TBWA Worldwide, Inc.*, No. 19-CV-00821-TSH, 2019 WL 1979949, at *2

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 10 -

(N.D. Cal. May 3, 2019).  This is because "[t]hese individuals must take time out of their work and private time to travel to and from the place of trial, to live away from home and to wait around windowless corridors on call to testify.…Even where a witness is an employee of a party and will be paid, the disruption is still a hard fact.  The expenses of housing and meals, even if borne by a party, are nonetheless authentic outlays." *In re Funeral Consumers Antitrust Litig.*, No. C 05-01804 WHA, 2005 WL 2334362, at *4 (N.D. Cal. Sept. 23, 2005).  "In analyzing whether transfer of a case would serve the convenience of the witnesses, the Court must look at who the witnesses are, the nature of what the testimony will be, and why such testimony is relevant or necessary." *Flint v. UGS Corp*, No. C07-04640 MJJ, 2007 U.S. Dist. LEXIS 94643, at *9 (N.D. Cal. Dec. 12, 2007).

Evolve is an Arkansas corporation with its headquarters located in Tennessee. *See Gibson Everett Decl.*, ¶ 4.  Consequently, the Western District of Tennessee will present a far more convenient forum for any witnesses of Evolve that will be required to testify in this matter.  Furthermore, the acts giving rise to the Forfeiture Action occurred in the Western District of Tennessee which suggests that a large number of witnesses will be found in the locality.  Indeed, should this case make it through the pleading stage, testimony will be required from the United States Attorney for the Western District of Tennessee relating to the seizure of the Bytechip Account.  Like Evolve, the United States Attorney for the Western District of Tennessee is located in Tennessee.  Finally, transfer of this action will not inherently inconvenience Plaintiff as Plaintiff has elected to assert a claim in the Forfeiture Action.  Having elected to assert a claim in the Forfeiture Action, Plaintiff has already obtained local counsel and its witnesses will likely be required to travel to Tennessee.

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 11 -

1    **3.    The Western District of Tennessee Has a Strong Local Interest in the**

2        **Action.**

3        "This factor takes into account the current and transferee forums' interests in having localized

4    controversies decided at home."  *Hangzhou Chic Intelligent Tech. Co. v. Sagway, LLC*, No. 16-cv-

5    04804-HSG, 2017 U.S. Dist. LEXIS 61265, at *11-12 (N.D. Cal. April 21, 2017) (internal citations

6    omitted).    While of course both the Northern District of California and the Western District of

7    Tennessee both may have an interest in this action, the locality where the allegedly wrongful conduct

8    occurred typically wins out.  *See, e.g., Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205 YGR,

9    2014 U.S. Dist. LEXIS 19414, at *19 (N.D. Cal. Feb. 14, 2014) (finding this factor favored transfer

10   even though a defendant operated in both districts because "the majority of events occurred in the

11   Central District").  Here, the epicenter of Plaintiff's claim is in the Western District of Tennessee—

12   where "the acts or omissions giving rise to the forfeiture occurred...and the claim accrued" as alleged

13   in the verified Forfeiture Complaint.  *RJN* Exhibit 2.  As such, the Western District of Tennessee

14   holds a relatively stronger interest in the present action than does the Northern District of California.

15       **4.    The Ease of Access to Evidence Favors Transfer.**

16       Although "[t]echnical developments have reduced the burden of retrieving or transporting

17   documents", "costs of litigation can still be substantially lessened if the venue is in a district in which

18   most of the documentary evidence is stored."  *Heredia v. Sunrise Senior Living LLC*, No. 18-cv-

19   00616-HSG, U.S. Dist. LEXIS 186749, at *18 (N.D. Cal. Oct. 31, 2018) (internal citations omitted);

20   *Park*, 964 F. Supp. 3d at 1095.  Here, the documents that may be utilized in this action will likely be

21   located in the Western District of Tennessee as the conduct giving rise to the Forfeiture Action

22   occurred in the Western District of Tennessee and Evolve is headquartered in Tennessee.  *See RJN*,

23

24

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

Exhibit 2. Conversely, there is no known evidence related to Plaintiff's claims in the Northern District of California. Accordingly, this factor favors transfer.

### 5.   Familiarity with California Law is Not an Obstacle.

"While complex or specialized law of the state of the transferor court weighs against transfer, California law is not especially complex or specialized. Although a federal court sitting in Texas may not be as familiar as this Court with California law, federal courts are adept at applying various state law claims of unfair competition and deceptive trade practices." *Barnstormers, Inc. v. Wing Walkers, LLC*, No. 09cv2367 BEN (RBB), 2010 U.S. Dist. LEXIS 144232, at *8-9 (S.D. Cal. Jul. 9, 2010) (internal citation omitted). Although Plaintiff brings claims under California law for Breach of Contract, Conversion, and Violation of the UCL, the Western District of Tennessee is competent to adjudicate Plaintiff's claims. Moreover, resolution of Plaintiff's claims will likely entail an analysis of whether Plaintiff violated federal money laundering and wire fraud statutes as alleged in the Forfeiture Action that the Western District is familiar with. Accordingly, this factor is neutral towards transfer.

### 6.   Feasibility of Consolidation

"The feasibility of consolidation is a significant factor in a transfer decision, and even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and the convenience to witnesses and parties." *Cardoza v. T-Mobile USA, Inc.*, No. 08-5120 SC, U.S. Dist. LEXIS 25895, at *15 (N.D. Cal. Mar. 18, 2009). Although the present case cannot technically be consolidated with the Forfeiture Action due to its criminal nature, transferring the case to the Western District of Tennessee will promote streamlining of the issues and judicial efficiency. Additionally, transfer of present case to the Western District of Tennessee could serve to avoid conflicting rulings that may be caused by the actions running parallel

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 13 -

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

in different Districts.  Transfer to the Western District of Tennessee would be positive as resolution of the Forfeiture Action will effectively decide the outcome of the present case and its underlying factual contentions.  Accordingly, this factor weighs in favor of transfer as to "permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) (superseded in other part by statute).

### 7.  Speed of Resolution

Defendants are confident that this Court is able to adjudicate the present case with all due expediency.  However, as timeliness is a factor to be considered as to the interest of justice being served by the transfer, it cannot be denied that the Western District of Tennessee may be able to adjudicate this case with more efficiency merely due to its current case load.

Per a periodic U.S. Courts report on current case management statistics, the Northern District of California had 7,569 cases filed, with 2,859 civil cases over three (3) years old.[1]  By the same report, the Western District of Tennessee had 1,766 cases filed during the same time, with 190 civil cases over three (3) years old.  As the Western District of Tennessee has a much smaller calendar, it may have more resources at its disposal to resolve the present dispute.

### 8.  Defendants' Request for Transfer is Timely

"Any Defendant in the instant case…may move at any time to transfer under § 1404(a) if the circumstances of the instant action favor transfer for the convenience of the parties or the interest of justice."  *eBay Inc. v. Digital Point Sols., Inc.*, 608 F. Supp. 2d 1156, 1166 (N.D. Cal. 2009); *Turnage v. Old Dominion Freight Line, Inc.*, 2013 U.S. Dist. LEXIS 84277, at *14 (N.D. Cal. June 14, 2013)

---

1 United States Courts: *Table – U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics*, pp.46, 66 (December 31, 2023); https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/12/31-1 accessed February 29, 2024, 1:55 p.m. Data table at fcms_na_distprofile1231.2023.pdf (uscourts.gov) accessed same.

- 14 -

1  (stating that a motion transfer venue under § 1404(a) "technically can be made at *any time. i.e.*, there

2  is no risk of waiver by delay as there is with improper venue").   Although timeliness is not a

3  dispositive factor to this Motion, Defendants assert their request for transfer of venue is ripe and

4  appropriate as it has been filed in conjunction with Evolve's Motion to Dismiss.

5  **V.    CONCLUSION**

6       The pending Forfeiture Action and the instant matter concern the same funds. Due to this

7  interconnectedness, it is clear that a transfer to the Western District of Tennessee would advance the

8  twin goals of witness convenience while furthering the interests of justice.  For the foregoing reasons,

9  Defendants respectfully request an order transferring this action to the Western District of Tennessee.

12  DATED: this 5th day of June, 2024

13                    By:  /s/ Ismail Amin
14                        Ismail Amin, Esq.
                         Katherine J. Vescera, Esq.
                         Christopher Stark, Esq.
15                        **TALG, LTD.**
                         ***Attorneys for Defendant Evolve Bank &***
16                       ***Trust***

16  DATED: this 5th day of June, 2024

17                    By:  /s/ James Judah
18                        James Judah, Esq.
                         **QUINN EMANUEL URQUHART &**
19                        **SULLIVAN, LLP**
                         ***Attorneys for Defendant Solid Financial***
20                       ***Technologies, Inc.***

TALG, Ltd.
2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 15 -

## **ATTESTATION**

I, Ismail Amin, Esq. am the ECF User whose identification and password are being used to file the **NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that James D. Judah, Esq. has concurred in this filing.

Dated: June 5, 2024                                        **TALG, LTD.**


By: /s/ Ismail Amin
Ismail Amin, Esq.
***Attorney for Defendant***
**Evolve Bank & Trust**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing documents via the Court's CM/ECF system.


Executed on June 5, 2024 at Irvine, California.


_/s/ Emin Avakian_____
Emin Avakian