**TALG, LTD.**
Ismail Amin, Esq. (SBN 231232)
Katherine J. Vescera, Esq. (SBN 287171)
2211 Michelson Drive, Suite 1170
Irvine, California 92612
Telephone: (949) 502-7715
Facsimile: (949) 266-8406

Attorneys for Defendant Evolve Bank & Trust

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
James D. Judah (SBN 257112)
50 California Street, 22nd Floor
San Franscisco, CA 94111
Telephone: (415) 845-6600
Facsimile: (415) 875-6700

Attorneys for Solid Financial Technologies, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYTECHIP, LLC d/b/a QBIT, a Delaware limited liability company, | **Case No. 3:24-cv-01226-JD** |
| Plaintiff, | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS COMPLAINT AND JOINT MOTION TO TRANSFER VENUE** |
| vs. | |
| SOLID FINANCIAL TECHNOLOGIES, INC., a Delaware corporation; EVOLVE BANK & TRUST, an Arkansas corporation; and DOES 1-10, inclusive, | Date:      July 18, 2024<br>Time:      10:00 a.m.<br>Courtroom:  11—19th Floor<br>Judge:      Hon.   James Donato |
| Defendants. | |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Solid Financial Technologies, Inc. ("Solid") and Evolve Bank & Trust ("Evolve") (collectively, "Defendants"), by and through their attorneys of record, respectfully request that the Court take judicial notice of the documents listed below.  Defendants seek judicial notice of these documents in support of Motions to Dismiss Complaint and Motion to Transfer Venue.

## I.      <u>ARGUMENT</u>

Under Federal Rule of Evidence 201, a court may take judicial notice of a "fact that is not subject to reasonable dispute" that is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned."  Accordingly, a court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 fn. 2 (9th Cir. 2002) (California federal appeals court taking judicial notice of pleadings filed in a related action between the same parties in a Tennessee state court).  Judicial notice may be taken at any stage of a proceeding. Fed. R. Evid. 201(d); *see also Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

Courts regularly take judicial notice of facts from court documents.  Indeed, "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (internal citation omitted).  In the Ninth Circuit it has been held that a court "may take notice of proceedings in other courts, both within and without the federal jurisdiction, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992 (internal citation omitted).

Here, Defendants respectfully request that this Court take judicial notice of documents filed in the pending forfeiture action by the United States filed against the virtual account no. 9540********1162 in the name of Bytechip, beneficial owner Yujun Wu, that Bytechip created with Defendants. These proceedings are directly relevant to the matters at issue in Bytechip's Complaint against Defendants as Bytechip seeks to recover funds from Defendants that have been seized by the federal government. The court pleadings and records Defendants request this Court to take judicial notice of are:

1.      Warrant to Seize Property Subject to Forfeiture filed in the United States District Court for the Western District of Tennessee in Case No. 23-SW-456 issued on November 6, 2023. *A true and correct copy of the Warrant to Seize Property Subject to Forfeiture issued on November 6, 2023, is attached hereto as Exhibit "1".*

2.      Complaint for Forfeiture *In Rem* filed by the United States of America in the United States District Court for the Western District of Tennessee Western Division as Case No. 2:24-cv-02036-TLP-cgc. *A true and correct copy of the Complaint filed as Case No. 2:24-cv-02036-TLP-cgc on January 22, 2024, is attached hereto as Exhibit "2".*

3.      Order issued on February 12, 2024, in Case No. 2:24-cv-02036-TLP-cgc filed in the United States District Court for the Western District of Tennessee Western Division. *A true and correct copy of the February 12, 2024, Order filed in Case No. 2:24-cv-02036-TLP-cgc is attached hereto as Exhibit "3".*

4.      Verified Claim filed by Bytechip on April 12, 2024, in Case No. 2:24-cv-02036-TLP-cgc filed in the United States District Court for the Western District of Tennessee Western Division. *A true and correct copy of the April 12, 2024, Verified Claim filed in Case No. 2:24-cv-02036-TLP-cgc is attached hereto as Exhibit "4".*

5.    Answer to Complaint filed by Bytechip on May 1, 2024, in Case No. 2:24-cv-02036-TLP-cgc filed in the United States District Court for the Western District of Tennessee Western Division.  *A true and correct copy of the May 1, 2024, Answer filed in Case No. 2:24-cv-02036-TLP-cgc is attached hereto as Exhibit "5".*

## II.    <u>CONCLUSION</u>

Pursuant to the foregoing authorities, Defendants respectfully request that this Court take judicial notice of Exhibits 1-5 in support of the Motions to Dismiss and Motion to Transfer Venue.

Respectfully submitted,

DATED: June 5, 2024                    **TALG, LTD.**

By: <u>/s/ Ismail Amin</u>
Ismail Amin, Esq.
***Attorneys for Defendant***
**Evolve Bank & Trust**

DATED: June 5, 2024                    **QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

By: <u>/s/ James D. Judah</u>
James D. Judah, Esq.
***Attorneys for Defendant***
**Solid Financial Technologies, Inc.**

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND MOTION TO TRANSFER VENUE

Exhibit 1

AO 109 (Rev. 11/13)  Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
### for the
### Western District of Tennessee

In the Matter of the Seizure of
*(Briefly describe the property to be seized)*

All funds deposited, credited, or held up to $2,029,765.39 in
Solidfi vAccount #9540002258156272 in the name of Gatcha
Pictures LLC, beneficial owner Xuan Du; and

All funds deposited, credited, or held up to $2,979,690.04 in
Solidfi vAccount #9540002258311162 in the name of Bytechip
LLC, beneficial owner Yujun Wu.

Case No.   23-SW-456

)
)
)
)
)
)

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property be seized as being subject to forfeiture to the United States of America.  The property is described as follows:
All funds deposited, credited, or held up to $2,029,765.39 in Solidfi vAccount #9540002258156272 in the name of Gatcha Pictures LLC, beneficial owner Xuan Du, Apartment 1804 55 Upper Ground, London, SE1 9EY, United Kingdom; and All funds deposited, credited, or held up to $2,979,690.04 in Solidfi vAccount #9540002258311162 in the name of Bytechip LLC, beneficial owner Yujun Wu, 20 Barneson Ave., Unit D, San Mateo California 94402. There is probable cause that the assets constitute or are derived from proceeds of wire fraud in violation of 18 U.S.C. §§ 1343, 1349 and/or property involved in money laundering, in violation of 18 U.S.C. 1956 and 1957, and are therefore subject to civil and criminal forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 18 U.S.C. § 982, 18 U.S.C. § 984, and 28 U.S.C. § 2461(c); and seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. 853(f). Further, a protective order would not be sufficient to assure the availability of the assets for forfeiture, so seizure is necessary.

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before _____ 11/20/2023 _____
                                                                                                      *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to
_____ Tu M. Pham _____ .
*(Chief United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days (not to exceed 30)       ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     November 6, 2023    1:20 PM

City and state:     Memphis, Tennessee

_____
*Judge's signature*

TU M. PHAM
*Chief United States Magistrate Judge*

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| All funds deposited, credited, or held up | ) | |
| to $2,029,765.39 in Solidif vAccount | ) | |
| #9540002258156272 in the name of Gatcha | ) | |
| Pictures LLC, beneficial owner Xuan Du; and, | ) | |
| | ) | |
| All funds deposited, credited, or held up | ) | |
| to $2,979,690.04 in Solidif vAccount | ) | |
| #9540002258311162 in the name of | ) | |
| Bytechip LLC, beneficial owner Yujun Wu, | ) | |
| | ) | |
|     Defendants. | ) | |

**COMPLAINT FOR FORFEITURE *IN REM***

NOW COMES the United States of America, Plaintiff herein, by and through Kevin G.
Ritz, United States Attorney for the Western District of Tennessee, in a civil cause of forfeiture,
and respectfully states the following:

**INTRODUCTION**

1.  This is a civil action in rem pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).  Procedures for
this action are mandated by Rule G of the Supplemental Rules for Admiralty or Maritime Claims
and Asset Forfeiture Actions and, to the extent applicable, 18 U.S.C. §§ 981, 983, and 984, and
the Federal Rules of Civil Procedure.

2.  This action seeks the forfeiture of all right, title, and interest in the above-captioned
property because the property constitutes or is derived from proceeds of wire fraud and wire fraud

conspiracy in violation of 18 U.S.C. §§ 1343 and 1349, and property involved in monetary transactions, money laundering, and conspiracy to commit same, in violation of 18 U.S.C. §§ 1956.

**All Funds Deposited or Credited to Solidfi vAccount #9540002258156272, in the name of Gatcha Pictures LLC, Apartment 1804 55 Upper Ground, London, SEl 9EY, United Kingdom, beneficial owner Xuan Du, not to exceed $2,029,765.39; and All Funds Deposited or Credited to Solidfi vAccount #9540002258311162, in the name of Bytechip LLC, address 20 Barneson Ave., Unit D, San Mateo, California 94402, beneficial owner Yujun Wu, not to exceed $2,979,690.04**.

3. This Court has jurisdiction over this action commenced by the United States under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a). The Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

4. This Court has venue pursuant to 28 U.S.C. §§ 1355 and 1395. Venue is proper because the acts or omissions giving rise to the forfeiture occurred in this district and the claim accrued in this district.

<u>WIRE FRAUD & CONSPIRACY TO COMMIT WIRE FRAUD</u>

5. To prove a violation of 18 U.S.C. § 1343, Wire Fraud, the government must show (1) the accused knowingly participated in, devised or intended to devise a scheme to defraud; (2) the scheme included a material misrepresentation or concealment of a material fact; (3) the accused had the intent to defraud; and (4) the accused used or caused another to use wire, radio, or television communications in interstate or foreign commerce in furtherance of the scheme.

6. To prove a violation of 18 U.S.C. § 1349, Conspiracy, the following essential elements must be satisfied: (1) that two or more persons conspired or agreed to commit the crime of wire fraud; and (2) that the accused knowingly and voluntarily became a member of the conspiracy.

## MONEY LAUNDERING

7. To prove a violation of 18 U.S.C. § l956(a)(l)(B)(i), Money Laundering, the government must show ( l) the accused knowingly conducted or attempted to conduct a financial transaction which in any way or degree affected interstate or foreign commerce; (2) some or all of the property involved in the financial transaction was proceeds of a specified unlawful activity; (3) the defendant knew that the property involved in the financial transaction represented proceeds of some form of unlawful activity; and (4) the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

## FACTUAL BACKGROUND

### *Evolve Bank & Trust*

8. Evolve Bank & Trust (EB&T) is an FDIC insured financial institution headquartered in Memphis, TN. Evolve Open Banking, a division of EB&T, is also headquartered in Memphis, TN and offers Banking as a Service (BaaS) to different platforms. Evolve Open Banking maintains contractual agreements with third parties, financial technology (FinTech) platforms, merchants, and direct end users enabling payment processing application programing interfaces. Virtual accounts (vAccounts) are depository account numbers systematically issued by the platform once the platform is established with EB&T Open Banking. The vAccounts configuration is dependent on the platform's contractual agreement with EB&T Open Banking Suite of Solutions. The vAccounts involved in this case maintain solution contracts with EB&T Open Banking to send domestic Automatic Clearing House (ACH) transfers and wire transfers, to receive domestic and international ACH transfers and wire transfers, and to provide card services.

*Origin of the Investigation*

9.   On or about December 13, 2022, I was contacted by Federal Bureau of Investigation (FBI) Intelligence Analyst (IA) Benjamin Breithaupt regarding an Internet Crimes Complaint Center (IC3) report about an individual being scammed out of approximately $40,000. The funds were transferred through EB&T.

10. On or about December 15, 2022, I contacted EB&T Bank Investigator Brandi Woodard (Investigator Woodard) via telephone who stated that she was aware of the transaction and was working on a larger investigation involving investment scams to defraud individuals. Investigator Woodard stated there were victims across the United States that fell for these schemes to defraud and would report back once her investigation was completed.

11. On January 17, 2023, I was contacted by Investigator Woodard who stated that she has identified a fraud exposure amount in excess of $15,000,000 related to EB&T virtual accounts.

12. Investigator Woodard was alerted to a sudden increase in wire recalls sent to EB&T from multiple financial institutions across the United States. Internal reviews of the recalled wires cited for fraud and scam, including "invested in crypto scam, company does not exist," "victim of fake medical scam," and "remitter advised payment is fraudulent." Further review of historical fed service messages, incoming wire transfers, depletion of funds, and online users, identified approximately 26 Chinese nationals as the beneficial owners of the accounts. These 26 Chinese nationals allegedly reside in California, New York, and various regions throughout China. All appear to be conspiring together to orchestrate fraud scams which are targeting businesses and consumers residing in the United States and Canada. The probable fraudsters establish businesses which appear to be shell corporations in California, Colorado, New York, and Wyoming as well as the United Kingdom. The businesses open business vAccounts at one or more of the following

platforms: Wise, Airwallex, Mercury, Relay, and Solidfi, all of which are Money Service Businesses (MSBs) that maintain contractual agreements, directly or indirectly through an aggregator, for BaaS with EB&T. EB&T provides BaaS through computer infrastructure located in Memphis, TN.

*Paralel[1] Designs Limited*

13. Between November 3, 2022 and about November 7, 2022, Paralel Designs Limited opened Solidfi vAccount **7760 and Airwallex vAccount **2996. Opening documents described the business as a graphic design production and three-dimensional design production company. The accounts listed Hang Liu as the beneficial owner (BO) of the accounts. Hang Liu provided a China resident ID card, 220524198903121416, and People's Republic of China passport, E8568973 l, when setting up the two vAccounts. Paralel Designs Limited is registered with New York Department of State, DOS ID 6486562, with a mailing address of 240 Willow Ridge Trail, Rochester, New York.

14. The location of 240 Willow Ridge Trail, Rochester, New York is a single-family dwelling in a residential neighborhood. According to property records, the property is owned by a Carmen Paulino and Hang Liu is not listed on any historical records.

15. On January 23, 2023, Shashi Iyer (Iyer) was telephonically interviewed by Special Agent Joseph Herman (SA Herman) and FBI Forensic Accountant Tanya Tompkins (FoA Tomkins). Iyer confirmed the accuracy of the IC3 report he filed on November 27, 2022, stating he lost a total $40,000 through three separate wire transfers. Iyer stated he was randomly added to a channel on the Telegram app in late 2022. When he inquired why he was added to the channel, he was told

---

[1] Sic.

over the electronic communication platform that the group was created to offer an investment opportunity in Bitcoin US Dollar Tether (BTC/USDT) trading pair option contracts with David Hannold (Hannold) at State Street Financial Services, Inc. in Boston. Iyer was told that for each set amount of time of the contract, ranging from 30-600 seconds, it would result in 50 to 95 percent profit. Initially, Iyer transferred approximately 2060 USDT from his Coinbase.com account to ETISMC trading platform and successfully withdrew just under 2000 USDT in profit from the ETISMC platform. After the initial successes, Iyer was invited to a separate, smaller group within Telegram with the option to invest higher amounts of money. Iyer then invested $40,000 via three separate wires. Iyer was instructed to send the wires in three separate tranches. Following instructions, on November 17, 2022, Iyer sent $19,900 to Paralel Designs Limited Airwallex vAccount **2996. On November 18, 2022, Iyer sent $10,000 to Jishun Limited, unknown account information. And on November 21, 2022, Iyer again sent another $10,000 to Paralel Designs Limited Airwallex vAccount **2996. Once all the wires were sent, Iyer stated that he would continually reinvest the money until his account showed a balance over $1,600,000. When Iyer attempted to withdraw the $1,600,000, he was told he would need to pay a 10 percent commission on the profits of his investment. Iyer asked the company to take the commission out of the $1,600,000 that he had made. The company told Iyer he needed to make a 10 percent payment before any of the money would be released. Iyer offered to send $1,000 in order to receive $10,000 in profits and would increase as he received more and more profits. The company denied the offer. Iyer sent additional wires to try to have Hannold release the funds for a total investment of $115,000. When the company denied Iyer's final offer, he stopped communication.

16. In addition to the wires Iyer sent to Paralel Designs, additional investigation revealed other wire recalls to Paralel Design Airwallex vAccount **2996. According to bank records, on

November 23, 2022, Randall Marosok (Marosok) sent $11,600 to Paralel Design Airwallex vAccount **2996 from his Bank of America account. On February 28, 2023, Marosok recalled the wire with the following statement: "[w]ished to recall wire as he's been a victim of fraud .... Client attempted to liquidate accts [sic] but he's being asked to wire an extra 15 as a penalty fee." Marosok also filed IC3 complaints in January 2023. On November 1, 2023, I spoke with Marosok telephonically. He confirmed the wire recall and that the basis for the recall was that he had fallen for a fraudulent investment scheme that called on him to wire money to Paralel Design Airwallex vAccount **2996, as well as other accounts. In all, Marosok estimated that he was defrauded of over $600,000 in this investment scheme.

17. In addition to the fraudulently induced wires Iyer and Marasok sent to Paralel Designs, additional investigation revealed other wire recalls to Paralel Design Airwallex vAccount **2996. According to bank records, on November 16, 2022, Jennifer Ho (Ho) sent $6,000 to Paralel Design Airwallex vAccount **2996 from her Bank of America account. On December 10, 2023, Ho filed an IC3 complaint stating that she had been defrauded through an online investment scam. On October 31, 2023, I communicated with Ho telephonically and via email. She confirmed the IC3 complaint and elaborated that the basis for the complaint was an investment scam that started on a Chinese singing website. Ho sent me documents corroborating her claims, including transaction logs and wire receipts of wires to Paralel Design Airwallex vAccount **2996, as well as to other accounts.

18. According to bank records, when Paralel Designs established EB&T vAccounts, including Paralel Design Airwallex vAccount **2996, they also listed business purposes of graphic design production and three-dimensional design production company. However, according to bank records, many of the wires sent to Paralel Designs state wire purposes other than graphic design,

to include "security deposit, pop trade, purchasing items for resale, pop goods, trade payment, credit bank, stocks, purchases of goods furniture, and EL." The purported purposes of these wires are not consistent with the stated business purpose of Paralel Designs of graphic design.

19. According to bank records, several debits were made out of Paralel Design Airwallex vAccount **2996 to Spanish bank accounts in the names of unidentified individuals, "Juan" and "Marc," both with purported addresses in Spain. Three debits were made in the form of wires to "Juan" between November 27, 2022 and November 29, 2022. Two debits were made in the form of wires to "Marc" on December 1, 2022 and December 4, 2022. During the same time frame, the same Spanish accounts in the names of "Juan" and "Marc" received debit transfers from Gatcha Pictures Airwallex account **6367. More detail will be given in the Gatcha Pictures Limited section below.

20. According to bank records, the Internet Protocol (IP) address used for online access to Paralel Design Airwallex vAccount **2996 was 148.88.205.240. As will be explained in the section below, this was the same IP address used to access Gatcha Pictures Airwallex vAccount **6367.

21. Based on my training and experience, I know that Paralel Designs Airwallex vAccount **2996 is a money laundering account used to facilitate the commission of wire frauds against numerous victims in the form of investment and other types of scams. The company does not appear to have any legitimate business activity. As part of various types of fraud schemes, victims were induced to wire money directly to Paralel Designs Airwallex vAccount **2996. The bases of these fraud schemes had nothing to do with graphic or three-dimensional design production, the stated business purpose of Paralel Designs Limited. Paralel Designs Airwallex vAccount **2996 is linked to company Gatcha Pictures Limited through Gatcha Pictures Limited Airwallex

vAccount **6367 in the form of debits to "Juan" and "Marc," and via the same IP address. The significance of the connections between Paralel Designs Limited and Gatcha Pictures Limited will be explained in more detail below. Please refer to Attachment A for a graphic representation of the transactions and relationships described herein.

*Gatcha Pictures Limited*

22. Between November 29, 2022 and December 22, 2022, Gatcha Pictures Limited (Gatcha Pictures) opened Airwallex vAccount **6367 and **Solidfi vAccount **6272**. Gatcha Pictures purports to be a photography company. The beneficial owner was listed as Xuan Du, who provided a China resident ID card, 37023198709225929, to open the Airwallex vAccount. A People's Republic of China passport, E30252117, was provided as identification to open the Solidfi vAccount. Gatcha Pictures is registered with the New York Department of State, DOS ID 6620456, address 350 Northern Boulevard, Ste 324-1331, Albany, NY.

23. Unlike what was registered with New York Department of State, for Airwallex vAccount **6367, Gatcha Pictures reported to EB&T that its business address was Apartment 1804 55 Upper Ground, London, SE1 9EY, United Kingdom. There are approximately 23 IC3 complaints regarding companies purportedly registered to this exact London address. Most of the complaints report various kinds of fraudulent schemes using different business names. For **Solidfi vAccount **6272**, Gatcha Pictures reported its business address consistent with its filings with the New York Department of State, that is, as 350 Northern Boulevard, Ste 324-1331, Albany, NY. There are approximately 7 IC3 complaints linked to exact Albany address reporting various kinds of fraudulent schemes using different entity names.

24. From the date of account opening on November 29, 2022 to March 3, 2023, 47 individual wires totaling approximately $2,200,000 was deposited into **Gatcha Solidfi vAccount **6272**.

Out of the 47 wires, bank records showed wire notes or "memos" in approximately 22 of them. Not one of the memos described anything related to photography. Instead, the memos reflected that the transfers were for various reasons, such as "goods payment," "pop services," "Gatcha Pictures Limited," and random alphanumeric characters.

25. According to bank records, on December 5, 2022, a $10,000 wire recall was received by EB&T for Airwallex vAccount **6367 stating fraud as the reason for recall. On December 12, 2022, a wire recall for $5,000 was received by EB&T for the same vAccount stating fraud as the reason for recall.

26. On January 19, 2023, I was contacted by USSS Special Agent Jeffrey McMickle (SA McMickle) of the San Antonio Field Office. SA McMickle stated that he had verified a victim in his district who reportedly wired $113,284 to **Gatcha Solidfi vAccount **6272**. SA McMickle put me in touch with East West Bank investigator William Wiley (Wiley). Wiley confirmed that the bank's client, Jiuhong Trade Limited, recently recalled a wire they sent to **Gatcha Solidfi vAccount **6272** on January 17, 2023 due to "wire fraud."

27. On March 7, 2023, USSS Special Agent Timothy Robertson (SA Robertson) responded to the listed business address of Gatcha Pictures Limited at 350 Northern Boulevard, Ste 324- 1331, Albany, NY in an attempt to speak with someone from Gatcha Pictures. SA Robertson observed that this was a mail forwarding service, not an independent business location. SA Robertson confirmed that beneficial owner Xuan Du does in fact own box 1331, but that the company Gatcha Pictures was not associated with the box and they had no record of Gatcha Pictures with the mail forwarding business.

28. A fact of filing letter obtained from the Internal Revenue Service in October 2023 confirmed that Gatcha Pictures has never filed a tax return or corresponding extension.

29. According to bank records, both the Gatcha Pictures Airwallex vAccount **6367 and Paralel Designs Airwallex vAccount **2996 share the same IP address 148.88.205.240 for account access, which at the time came back to a geolocation in Cambodia, indicating that the same device in Cambodia logged in to the two vAccounts on the same day.

30. According to bank records, several debits were made out of Gatcha Airwallex vAccount **6367 to the same Spanish bank accounts described above in paragraph 18 in the names of the same individuals, "Juan" and "Marc." One debit was made in the form of a wire to "Juan" on November 30, 2022. One debit was also made in the form of a wire to "Marc" on November 30, 2022.

31. Bylaws provided by Gatcha Pictures and Paralel Designs upon opening vAccounts with EB&T, when reviewed, appear to be almost identical in content and appearance.

32. According to bank records, **Gatcha Pictures Solidfi vAccount **6272** wired a total of $1,357,271.65 in 17 transfers between December 22, 2022 and January 17, 2023 to **Bytechip dba QbitPay Solidfi vAccount **1162**. Based on investigation, and as described further in the section below, **Bytechip Solidfi vAccount **1162** was also the recipient account for approximately $64,200 in what we believe is fraudulent proceeds during the same timeframe from four individual victims of computer-based fraud schemes.

33. **Gatcha Pictures Solidfi vAccount **6272** currently has $2,029,765.39 frozen by EB&T for suspicious activity. The account has been frozen since January 18, 2023 without objection from the beneficial owner.

34. Based on my training and experience, I know that the Gatcha Pictures was a front used to provide part of the money laundering infrastructure required for the operation of a large scale of diverse fraud schemes including investment scams, sometimes referred to as "pig butchering," in

at least late 2022 and continuing into 2023. Gatcha Pictures is connected to Paralel Designs through the overlapping debits to the Spanish accounts in the names of "Marc" and "Juan." The same vAccounts are also connected through the account login IP addresses, which were the same, showing the same device in Cambodia accessed the accounts at the same time. Gatcha Pictures Airwallex vAccount **6367 and **Gatcha Pictures Solidfi vAccount **6272** have the same beneficial owner, Employer Identification Number (EIN), and business address. I therefore know that **Gatcha Pictures Solidfi vAccount **6272** is an account dedicated to money laundering and contains the proceeds of fraud. See Attachment A for the transactions described in this section.

*Bytechip LLC*

35. On or around October 2022, Bytechip LLC, a purported information technology entity, established **Bytechip dba QbitPay Solidfi vAccount **1162** listing Yujun Wu as the BO. Wu provided a California driver's license, F3248032, and China Passport EF0115532 to establish the vAccount. **Bytechip Solidfi vAccount **1162** currently has $2,979,690.04 frozen by EB&T for suspicious activity without objection from the BO.

36. As described in paragraph 29 above, Gatcha Pictures initiated 17 intrabank transfers totaling $1,357,271.65 from **Gatcha Solidfi vAccount **6272** to **Bytechip Solidfi vAccount **1162**. **Bytechip vAccount **1162** also received funds from Rinotech Solidfi vAccount **6238, which received funds from Rinotech Wise vAccount **8992, which received funds from Innote Inc. Wise vAccount **4841. A review of bank records revealed that Innote had multiple wire recalls for various fraud related activity. The details follow.

37. On December 14, 2022, Henry or Diane Janicki wired $7,200 from their JPMorgan Chase bank account **4534 to Innate Inc. vAccount **4841. Continuing on December 14, 2022, Timothy J. and Sheila A Haas Rev Trust wired $9,000 from their BMO Harris bank account **9768 to

Innote Inc. vAccount **4841. Continuing on December 14, 2022, Zarmair Setrakian or Armen Z wired $30,000 from their JPMorgan Chase bank account **2385 to Innate Inc. vAccount **4841. On December 15, 2022, Darrell King (King) wired $18,000 from his Main Street Federal Credit Union Account **9421 to Innate Inc. vAccount **4841. On November 3, 2023, SA Herman spoke with King telephonically. King verified that he sent the $18,000 wire and that he did so due to a fraud scheme. The amount of fraud loss claimed by the four victims in the specified wires totaled $64,200. The same amount, less transaction expenses, was transferred in its entirety in multiple steps all within a two-week period through the described route to **Bytechip Solidfi vAccount **1162**. These transactions demonstrate the money laundering technique known as "layering," a method by which fraud proceeds are broken down and distributed through various transactions and multiple bank accounts to obfuscate their fraudulent origin and conceal their destination.

38. Based on my training and experience, I know that **Gatcha Solidfi vAccount **6272** and **Bytechip Solidfi vAccount **1162** are used to provide money laundering infrastructure to a large wire fraud scheme perpetrated against numerous individuals. Bytechip LLC, Gatcha Pictures, and Paralel Design are entities interconnected through IP addresses, outgoing debit transfers, and intrabank transfers of funds, each performing an important function in a large fraud conspiracy ring. None of these entities bears any indicia of legitimacy in its operations. On the contrary, each entity, including the **Gatcha Solidfi vAccount **6272** and **Bytechip Solidfi vAccount **1162**, came into existence during the same approximate timeframe and quickly began transiting a significant volume of wire transfers and triggering wire recalls for fraud. Through bank documentation, tax documents, open-source research, and direct communication with victims and bank investigators, I have demonstrated that wire fraud proceeds from pig butchering victims are

frozen in **Gatcha Solidfi vAccount \*\*6272** and **Bytechip Solidfi vAccount \*\*1162**, and that these accounts are used to launder the proceeds of wire fraud.

## LEGAL AUTHORITY

39. With respect to the assets described above and in the following paragraphs, and for the reasons set forth below, there is probable cause to believe that such assets are subject to seizure pursuant to 18 U.S.C. § 981(b), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(f), and civil and criminal forfeiture pursuant to the following statutes:

    a.    The funds or assets are subject to civil forfeiture under 18 U.S.C. § 981(a)(l)(A) because it is "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property."

    b.    Under 18 U.S.C. § 1957, it is unlawful to knowingly engage in financial transactions in criminally derived property of a value greater than $10,000, if derived from specific unlawful activity, including wire fraud.

    c.    Property "involved in" a money laundering transaction in violation of 18 U.S.C. § 1956 or 1957 includes "the actual money laundered, any fees or commissions realized by the launderer, as well as any property used to facilitate the offense." *United States v. Huber*, 404 F.3d 1047, 1056, 1058 (8th Cir. 2005).

    d.    For purposes of these statutes, the actual money laundered includes the criminally derived proceeds involved in a financial transaction, as well as any clean money commingled with it. Both the clean money and the criminal proceeds constitute the corpus of the money laundering transaction and therefore both are subject to forfeiture. *Id. See also United States v. Coffman*, 859 F. Supp. 2d 871, 876-77 (E.D. Ky. Apr. 16, 2012)

(following *Huber*, explaining that untainted funds may be forfeitable either as the subject of a money' laundering transaction or as facilitating property; when tainted money is commingled with clean money for the purpose of obfuscating the origin or existence of the tainted money); *United States v. Funds on Deposit at Bank One, Indiana*, 2010 WL 909091, *8 (N.D. Ind. Mar. 9, 2010) (following *Huber*; when defendant commingled drug proceeds with other funds in a bank account, and transferred the commingled funds to another account, and commingled them yet again before making a third transfer, all of the funds involved 'in the last transfer were forfeitable as property involved in violations of Sections 1956 and 1957).

e.      The funds or assets are subject to civil forfeiture under 18 U.S.C. § 981(a)(l)(C) because they are property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1343, 1349. Further, as discussed below, pursuant to 18 U.S.C. § 984, currency or funds in a bank account are considered fungible for one year from the date of the applicable offense, and the funds or assets located in the financial account described above and in the following paragraphs are thus subject to civil forfeiture under Section 984.

f.      The funds or assets are subject to criminal forfeiture under 18 U.S.C. § 981(a)(l )(C) and 28 U.S.C. § 246l(c), and 18 U.S.C. § 982(a)(2)(A) because they are property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1343, 1349.

40. 18 U.S.C. § 98l(a)(l)(C) subjects to civil and criminal forfeiture any property that constitutes or is derived from proceeds traceable to a violation of or conspiracy to violate 18 U.S.C. § 1343.

41.1 8 U.S.C. § 982(a)(2)(A) subjects to criminal forfeiture any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of a violation of or conspiracy to violate 18 U.S.C. § 1343.

42. 18 U.S.C. § 981(b) authorizes issuance of a civil seizure warrant for property subject to civil forfeiture.

43. 21 U.S.C. § 853(f) and 28 U.S.C. § 2461(c) authorize the issuance of a criminal seizure warrant for property subject to criminal forfeiture.

44. With respect to criminal forfeiture of the assets described in this Affidavit, your Affiant asserts that the Court should issue a Criminal Seizure Warrant as authorized under 21 U.S.C. § 853(f) with respect to the funds because: (a) there is probable cause to believe that the property to be seized would, in the event of a criminal conviction for the violation described in this Affidavit, be subject to forfeiture; and (6) a protective order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture. This Affidavit sets forth probable cause to believe that the assets described in this Affidavit are subject to forfeiture. Additionally, an order under 21 U.S.C. § 853(e) will be inadequate to assure their availability because I know, from my training and experience, that restraining orders served on banks and other account custodians sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder. Additionally, I know from my training and experience that, because of the liquid nature of electronic bank and financial accounts, funds or assets on deposit or stored in those accounts can easily be liquidated or transferred. Where such

electronic funds and assets are concerned, a seizure warrant guarantees that the funds and assets will be in the Government's custody once the warrant is served.

## CONCLUSION

45. Based on the foregoing, I submit that there exists probable cause to believe that **Gatcha Solidfi vAccount 9540002258156272** in the name of Gatcha Pictures Limited and **Bytechip Solidfi vAccount 9540002258311162** in the name of Bytechip, LLC contain the proceeds of wire fraud, in violation of 18 U.S.C. § 1343, and/or conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and/or concealment money laundering, in violation of 18 § 1 956(a)(l )(B)(i), and that all the property in these accounts was involved in money laundering transactions, and that the proceeds of these violations, as summarized herein, are subject to seizure and forfeiture as previously outlined.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

By:      */s/ Reid Manning*
_____
REID MANNING
Assistant United States Attorney
800 Federal Bldg., 167 N. Main
Memphis, Tennessee 38103
(901) 544-4231



STATE OF TENNESSEE
COUNTY OF SHELBY

**<u>VERIFICATION</u>**

Morgan Morgan deposes and says under penalty or perjury:

I am a Special Agent with the United States Secret Service and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
Special Agent Morgan Morgan

_____1/18/24_____
Date

Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )    No. 2:24-cv-02036-TLP-cgc |
| v. | ) |
| | ) |
| ALL FUNDS UP TO $2,979.690.04 IN | ) |
| SOLIDIF v ACCOUNT IN THE NAME OF | ) |
| BYTECHIP LLC, BENEFICIAL OWNER | ) |
| YUJUN WU, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The United States sued here seeking the forfeiture of the defendant virtual accounts

under the provision of 18 U.S.C. §981(a)(1)(A) and (C).  It is hereby ORDERED:

1.      That the United States Secret Service for this district will seize the defendant

property and hold said property subject to the further orders of this Court;

2.      That the United States Secret Service will serve a copy of the complaint on all

known claimants to the defendant virtual accounts including, without limitation, Bytechip

LLC, Gatcha Pictures LLC, Yujun Wu and Xuan Du;

3.      That the government will advertise the defendant virtual accounts on the internet

at www.forfeiture.gov for thirty (30) consecutive days.  The advertisement will serve notice that

the defendant virtual accounts were seized by the United States Secret Service on November 6,

2023 in Memphis, Tennessee from Bytechip LLC and Gatcha Pictures LLC that a Complaint for

forfeiture has been filed under 18 U.S.C. §981(a)(1)(A) and (C); and that any parties claiming

an interest in the said property must file a claim within sixty (60) days of the first date of

publication and an answer to the complaint within twenty (20) days thereafter.

      **ENTERED**, this 12th day of February, 2024.

                s/Thomas L. Parker
                THOMAS L. PARKER
                UNITED STATES DISTRICT JUDGE


    APPROVED:

    KEVIN G. RITZ
    United States Attorney


By:    s/ Reid Manning
        REID MANNING
        Assistant United States Attorney
        800 Federal Building
        Memphis, Tennessee 38103
        (901)544-4231

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

United States of America,

     Plaintiff,

v.                                                                    Civil No. 24-2036-TLP-cgc

All funds deposited, credited, or held up
to $2,029,765.39 in Solidfi vAccount
#9540002258156272 in the name of Gatcha
Pictures LLC, beneficial owner Xuan Du; and,

All funds deposited, credited, or held up
to $2,979,690.04 in Solidfi vAccount
#9540002258311162 in the name of
Bytechip LLC, beneficial owner Yujun Wu,

     Defendants.

## <u>NOTICE OF FORFEITURE ACTION</u>

On January 22, 2024, the United States of America, through the United States Attorney for

the Western District of Tennessee, filed a Complaint for Forfeiture In Rem, pursuant to 18 U.S.C.

§981(a)(1)(a) and (C), against the following defendant properties:

    **a.** **All Funds Deposited or Credited to Solidfi vAccount #9540002258156272, in the name of Gatcha Pictures LLC, Apartment 1804 55 Upper Ground, London, SEl 9EY, United Kingdom, beneficial owner Xuan Du, not to exceed $2,029,765.39; and,**

    **b.** **All Funds Deposited or Credited to Solidfi vAccount #9540002258311162, in the name of Bytechip LLC, address 20 Barneson Ave., Unit D, San Mateo, California 94402, beneficial owner Yujun Wu, not to exceed $2,979,690.04.**

In accordance with Supplemental Rule G(5), in order to avoid forfeiture of the defendant property, any person who asserts an interest in the defendant property **must** file a verified claim (1) within 30 days after the final publication of this notice in a newspaper, (2) within 60 days after the first day of publication on the official internet government forfeiture website, www.forfeiture.gov, or (3) within such additional time as may be allowed by the Court.

The Claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant=s interest in the property; and (C) be signed by the claimant under penalty of perjury (see 28 U.S.C. ' 1746). Additionally, a claimant must serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 20 days after filing the claim. Claims and Answers must be filed with the Clerk, United States District Court for the Western District of Tennessee, 242 Federal Building, 167 N. Main, Memphis, Tennessee 38103 and serve notice upon the United States Attorney, 800 Federal Building, Memphis, Tennessee 38103, attn: Reid Manning, Assistant United States Attorney.

KEVIN G. RITZ
United States Attorney


By:     s/ Reid Manning
        REID MANNING
Dated:  February 7, 2024          Assistant United States Attorney
        800 Federal Bldg., 167 N. Main
        Memphis, Tennessee 38103

4

Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil No. 2:24-cv-02036-TLP-cgc** |
| | ) | |
| All funds deposited, credited, or held up | ) | |
| to $2,029,765.39 in Solidif vAccount | ) | |
| #9540002258156272 in the name of Gatcha | ) | |
| Pictures LLC, beneficial owner Xuan Du; and | ) | |
| | ) | |
| All funds deposited, credited, or held up | ) | |
| to $2,979,690.04 in Solidif vAccount | ) | |
| #9540002258311162 in the name of | ) | |
| Bytechip LLC, beneficial owner Yujun Wu, | ) | |
| | ) | |
|     Defendants. | ) | |

## VERIFIED CLAIM

**COMES NOW** Bytechip, LLC, ("Claimant") by and through its counsel, and files this Claim as to All funds deposited, credited, or held up to $2,979,690.04 in Solidif vAccount #9540002258311162 ("1162 account") in the name of Bytechip LLC, beneficial owner Yujun Wu ("1162 funds"), and as to $1,357,271.7 in Solidif vAccount #9540002258156272 in the name of Gatcha Pictures LLC, beneficial owner Xuan Du ("partial 6272 funds"), totaling $4,336,961.74, in accordance with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions C(6) and G(5). Claimant demands restitution of the 1162 funds and partial 6272 funds and the right to defend this action. Claimant would show as follows:

1

1.      On January 22, 2024, Plaintiff filed a Complaint for Forfeiture *In Rem*. ("the Complaint") *See* [ECF No. 1].

2.      In the Complaint, Plaintiff alleges that the 1162 funds were derived from fraudulent activity and that the account itself was used for purposes of money laundering. *Id*. at PageID 11–14.

3.      Claimant asserts that it is a registered dealer in foreign exchange, money transmitter, and seller of prepaid access, with an MSB Registration Number of 31000230976654. *See* Exhibit A, "MSB Registration Status Information".

4.      Claimant asserts that it claims the 1162 funds and partial 6272 funds that were seized by Plaintiff and that said funds were in the possession of Claimant for the purpose of carrying out its business.

5.      Upon information and belief, the partial 6272 funds were in Claimant's 1162 account when Claimant lost access to the 1162 account.

6.      Claimant asserts that it has filed suit in California against Solid Financial Technologies and Evolve Bank & Trust. In the California suit, Claimant denies knowledge of the alleged "unsatisfactory banking practices" and seeks recovery of $4,336,961.74, consisting of the 1162 funds and partial 6272 funds at issue here. This Complaint is attached as Exhibit B.

7.      As discussed in greater detail in Exhibit B, Claimant asserts that, as part of carrying out its business, it received customer funds in the 1162 account in U.S. Dollars. Per a customer's request, Claimant would then send the equivalent of said funds in a currency of that customer's needs to a third party designated by the customer through other pay-out channels.

8.      Claimant asserts that it has both statutory standing as well as standing under Article III of the Constitution. The seizure of the 1162 funds and partial 6272 funds is a distinct and

palpable injury to Bytechip not only because it is no longer able to operate its business due to its

funds being seized, but also because it is an innocent owner of said funds.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America, as provided by 28 U.S.C. § 1746, that the foregoing is true and correct.


_____
    Yujun Wu
    CEO
Bytechip LLC
No.1 Tiyuchangxi Road, Pujiang, Zhejiang, China 322299
Executed on: April 11, 2024

Respectfully submitted,

LEWIS THOMASON, P.C.


*/s/ Christopher B. Sullivan*
Christopher B. Sullivan (TN 20301)
T. Andrew Todd (TN 39590)
40 South Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721

csullivan@lewisthomason.com
atodd@lewisthomason.com


## **Certificate of Service**

The undersigned certifies that a copy of the foregoing has been served upon all counsel of record via this Court's ECF system and sent by U.S. Mail, postage prepaid to Reid Manning, Assistant United States Attorney, 167 N. Main St., 8th Floor, Memphis, TN 38103, this 12th day of April, 2024

/s/ *Christopher B. Sullivan*
Christopher B. Sullivan



**Financial Crimes Enforcement Network**
**Department of the Treasury**

MSB Registration Status Information

Date: 04/09/2024

The inclusion of a business on the MSB Registrant Search Web page is not a recommendation, certification of legitimacy, or endorsement of the business by any government agency.

The MSB Registrant Search Web page, which is updated on a weekly basis, contains entities that have registered as Money Services Businesses (MSBs) pursuant to the Bank Secrecy Act (BSA) regulations at 31 CFR 1022.380(a)-(f), administered by the Financial Crimes Enforcement Network (FinCEN).

Information contained on this site has been provided by the MSB registrant. FinCEN does not verify information submitted by the MSB. Information provided on this site reflects only what was provided directly to FinCEN. If an error or incomplete information is detected on this site, the registrant should follow the appropriate instructions for correcting a Registration of Money Services Business (RMSB) form.

MSB Registration Number: 31000230976654

Registration Type: Renewal

Legal Name: Bytechip, LLC

DBA Name: Qbit

Street Address: 8 The Green Suite B

City: Dover

State: DELAWARE

Zip: 19901

MSB Activities:

Dealer in foreign exchange, Money transmitter, Seller of prepaid access

States of MSB Activities:

Alabama, Alaska, American Samoa, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District Of Columbia, Federated States Of Micronesia, Florida, Georgia, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Marshall Islands, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon, Palau, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Virgin Islands, US, Washington, West Virginia, Wisconsin, Wyoming

All States & Territories & Foreign Flag: All States/Territories, Foreign

Number of Branches: 0

Authorized Signature Date: 11/21/2022

Received Date: 11/21/2022

Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:24-cv-02036-TLP-cgc |
| | ) | |
| All funds deposited, credited, or held up | ) | |
| to $2,029,765.39 in Solidif vAccount | ) | |
| #9540002258156272 in the name of Gatcha | ) | |
| Pictures LLC, beneficial owner Xuan Du; and | ) | |
| | ) | |
| All funds deposited, credited, or held up | ) | |
| to $2,979,690.04 in Solidif vAccount | ) | |
| #9540002258311162 in the name of | ) | |
| Bytechip LLC, beneficial owner Yujun Wu, | ) | |
| | ) | |
| Defendants. | ) | |

## BYTECHIP LLC'S ANSWER AND DEFENSES TO
## THE COMPLAINT FOR FORFEITURE *IN REM*

**COMES NOW** Bytechip, LLC, ("Bytechip") by and through its counsel, and answers the allegations in the Complaint for Forfeiture *In Rem* ("Complaint") and asserts defenses.

Headings contained in the Complaint are not substantive allegations to which an answer is required and to the extent headings are repeated in this Answer, it is solely for ease of reference. To the extent the headings are substantive allegations to which an answer is required, Bytechip denies any such allegations. Each allegation not specifically admitted below is denied. The paragraph numbers correspond to those in the Complaint.

1

## INTRODUCTION

1.     Paragraph 1 contains legal conclusions to which no answer is required.

2.     Bytechip admits that Solidfi vAccount #9540002258311162 is in the name of Bytechip LLC, beneficial owner Yujun Wu. Bytechip denies that 20 Barneson Ave., Unit D, San Mateo, California 94402 is its current address. Bytechip admits that Solidfi vAccount #9540002258156272 is in the name of Gatcha Pictures LLC, beneficial owner Xuan Du. Bytechip otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them on that basis. Further, paragraph 2 contains legal conclusions to which no answer is required.

3.     Paragraph 3 contains legal conclusions to which no answer is required.

4.     Paragraph 4 contains legal conclusions to which no answer is required.

### WIRE FRAUD & CONSPIRACY TO COMMIT WIRE FRAUD

5.     Paragraph 5 contains legal conclusions to which no answer is required.

6.     Paragraph 6 contains legal conclusions to which no answer is required.

### MONEY LAUNDERING

7.     Paragraph 7 contains legal conclusions to which no answer is required.

### FACTUAL BACKGROUND

*Evolve Bank & Trust*

8.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them on that basis. Further, paragraph 8 contains legal conclusions to which no answer is required.

*Origin of the Investigation*

9.      Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them on that basis.

10.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them on that basis.

11.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them on that basis.

12.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them on that basis.

*Paralel Designs Limited*

13.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 regarding Airwallex vAccount **2996 or any ID used to open said account and therefore denies them on that basis. Bytechip denies that Paralel Designs Limited provided any China resident ID card when setting up Solidfi vAccount **7760. Bytechip admits the remaining allegations in paragraph 13.

14.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them on that basis.

15.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them on that basis.

16.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them on that basis.

17.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them on that basis.

18.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them on that basis.

19.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them on that basis.

20.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them on that basis.

21.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them on that basis.

*Gatcha Pictures Limited*

22.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 regarding Airwallex vAccount **6367 or any ID used to open said account and therefore denies them on that basis. Bytechip admits the remaining allegations in paragraph 22.

23.     Bytechip admits that for Solidfi vAccount **6272, Gatcha Pictures reported its business address as 350 Northern Boulevard, Ste 324-1331, Albany, NY. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies them on that basis.

24.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them on that basis.

25.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them on that basis.

26.     Bytechip admits that a wire of $113,284 that Gatcha Solidfi vAccount **6272 received from Jiuhong Trade Limited on or about January 17, 2023 was reversed. Bytechip lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies them on that basis.

27.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them on that basis.

28.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them on that basis.

29.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them on that basis.

30.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them on that basis.

31.     Denied.

32.     Bytechip admits that Gatcha Pictures Solidfi vAccount **6272 wired a total of $1,357,271.65 between December 22, 2022 and January 17, 2023 to Bytechip Solidfi vAccount **1162. Bytechip denies that Bytechip Solidfi vAccount **1162 received approximately $64,200 in fraudulent proceeds during the same timeframe. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies them on that basis.

33.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them on that basis.

34.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them on that basis.

*Bytechip LLC*

35.     Bytechip denies that Bytechip Solidfi vAccount **1162 currently has $2,979,690.04 frozen by EB&T without objection from the BO. Bytechip avers that it specifically and expressly objected to the freeze of Solidfi vAccount **1162. Bytechip admits the remaining allegations in paragraph 35.

36.     Bytechip admits that Gatcha Pictures Solidfi vAccount **6272 wired a total of $1,357,271.65 between December 22, 2022 and January 17, 2023 to Bytechip Solidfi vAccount **1162.[1] Bytechip admits that Bytechip Solidfi vAccount **1162 received funds from Rinotech Solidfi vAccount **6238. Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them on that basis.

37.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them on that basis.

38.     Denied.

## LEGAL AUTHORITY

39.     Paragraph 39 and the subparagraphs thereunder contain legal conclusions to which no answer is required.

40.     Paragraph 40 contains legal conclusions to which no answer is required.

41.     Paragraph 41 contains legal conclusions to which no answer is required.

42.     Paragraph 42 contains legal conclusions to which no answer is required.

43.     Paragraph 43 contains legal conclusions to which no answer is required.

44.     Bytechip lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 to the extent they are based on the Affiant's purported "training

---

[1] Paragraph 36 of the Complaint incorrectly refers to paragraph 32 as paragraph 29.

6

and experience," and therefore denies them on that basis. The remaining allegations in paragraph 44 contain legal conclusions to which no answer is required.

## CONCLUSION

45.     Paragraph 45 contains legal conclusions to which no answer is required.

46.     Bytechip denies that Plaintiff is entitled to any relief whatsoever, including that which is included in the Conclusion or prayer for relief, under the theories alleged or under any theory whatsoever.

47.     For answer to any averments in the Complaint that have not been admitted, explained, or denied, Bytechip here and now denies them as if fully set forth herein.

## AFFIRMATIVE DEFENSES

Bytechip sets forth the following defenses. Each defense is asserted as to all claims against Bytechip. By setting forth these defenses, Bytechip does not assume the burden of proof as to any defense or issue that would otherwise rest on Plaintiff, or as to any element of Plaintiff's claims against Bytechip.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted as against Bytechip.

### SECOND AFFIRMATIVE DEFENSE

Bytechip is an innocent owner of the funds in which it has asserted an interest as provided for in 18 U.S.C. § 983(d). Bytechip, as a money service business, avers that its business model is based on providing commercial customers with the ability to quickly and securely conduct international transfers of money. This model not only ensures that Bytechip's customers are able to seamlessly conduct their own business across international boundaries, but provides them with

a money transfer service that complies with all applicable banking secrecy and anti-money laundering laws. To the best of Bytechip's knowledge, it did not permit its service to be used to facilitate any type of criminal activity, nor did it knowingly permit any customer to use its service to move funds that were the result of criminal activity through its accounts. Indeed, Bytechip refused to carry out numerous customer orders on the grounds that said transactions potentially ran afoul of United States law. To the extent any transactions occurred with criminally derived funds, Bytechip was wholly without knowledge of as much despite maintaining an anti-money laundering policy that was in accordance with all applicable state and federal laws. Bytechip also vigorously disputes any allegation that it was connected to the IP address used by Gatcha Pictures, and affirmatively avers that the Complaint for Forfeiture does not specifically allege as much.

### THIRD AFFIRMATIVE DEFENSE

Bytechip had no knowledge of any illegal activity associated with its services, the **1162 account, or any other of its accounts, and did not knowingly engage in any unlawful transactions or activity or facilitate the use of its accounts or services for any unlawful purpose.

### FOURTH AFFIRMATIVE DEFENSE

Bytechip had no intent that its property or services, including any funds contained in the **1162 account or any of its accounts and any funds it has claimed, would be used for any unlawful transactions or activity or were derived therefrom. On the contrary, Bytechip implemented robust policies and procedures to reduce the risk of its services being used for unlawful purposes.

## FIFTH AFFIRMATIVE DEFENSE

Bytechip avers the Plaintiff lacks probable cause of a substantial connection between the seized property and any of the criminal offenses referenced in the Complaint, or any criminal offenses, which would permit seizure and forfeiture of the contested property.

## SIXTH AFFIRMATIVE DEFENSE

Bytechip's right to due process of law guaranteed under the Fourteenth Amendment, has been violated by the seizure of its property and implantation of this forfeiture action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the excessive fines clause of the Eighth Amendment.

## EIGHTH AFFIRMATIVE DEFENSE

Bytechip avers that forfeiture of its property as sought by the Plaintiff herein is grossly disproportional and therefore constitutionally excessive under 18 U.S.C. § 983(g).

## NINTH AFFIRMATIVE DEFENSE

Bytechip relies on all affirmative defenses available to it under 18 U.S.C. § 984(a), (b), and (c).

## TENTH AFFIRMATIVE DEFENSE

Bytechip avers that at all times it was acting in good faith and out of an honest belief that its conduct was lawful.

## ELEVENTH AFFIRMATIVE DEFENSE

Bytechip avers that it did not authorize or ratify any purportedly unlawful acts taken by any other party.

## TWELFTH AFFIRMATIVE DEFENSE

Bytechip denies that it was engaged in, facilitated, aided and abetted, conspired, or in any way violated 18 U.S.C. § 1343, 18 U.S.C. § 1349, or 18 U.S.C. § 1956(a)(1)(B)(i), and therefore, denies that Plaintiff is entitled to seize and forfeit any of its property as alleged proceeds of any such violations.

And now having fully answered the Complaint, Claimant Bytechip, LLC submits that this matter should be dismissed, with costs to Plaintiff, that all seized property be immediately returned, and for all such other relief available pursuant to 28 U.S.C. § 2465(b).

Respectfully submitted,

LEWIS THOMASON

/s/ *Christopher B. Sullivan*
Christopher B. Sullivan (TN 20301)
T. Andrew Todd (TN 39590)
40 S. Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721

csullivan@lewisthomason.com
atodd@lewisthomason.com

10

**Certificate of Service**

The undersigned certifies that a copy of the foregoing has been served upon all counsel of record via this Court's ECF system and sent by U.S. Mail, postage prepaid, to Reid Manning, Assistant United States Attorney, 167 N. Main St. 8th Floor, Memphis, TN 38103, this 1st day of May, 2024.


*/s/ Christopher B. Sullivan*
Christopher B. Sullivan

## ATTESTATION

I, Ismail Amin, Esq. am the ECF User whose identification and password are being used to file the **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS COMPLAINT AND JOINT MOTION TO TRANSFER VENUE**. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that James D. Judah, Esq. has concurred in this filing.


Dated: June 5, 2024                              **TALG, LTD.**


                                                 By: /s/ Ismail Amin
                                                 Ismail Amin, Esq.
                                                 ***Attorney for Defendant***
                                                 **Evolve Bank & Trust**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 5, 2024, all counsel of record who are deemed to have consented to electronic service being served with a copy of the foregoing documents via the Court's CM/ECF system.


Executed on June 5, 2024 at Irvine, California.


*/s/ Emin Avakian*_____
Emin Avakian

---

1
**CERTIFICATE OF SERVICE**